## 55004. HUFF v. THE STATE.

SHULMAN, Judge.

Defendant was found guilty of driving under the influence in violation of Code Ann. § 68A-902. This appeal follows.

1. Appellant argues that the police officer who administered an intoximeter test to appellant was not qualified to administer such a test because his testimony demonstrated a lack of personal knowledge in the operation of intoximeters. It is asserted that the trial court erred in permitting his testimony and allowing the results of the intoximeter test in evidence. We disagree.

"Generally, the question of whether a witness has such learning and experience in a particular field of endeavor as to entitle him to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless it is manifestly abused. [Cit.]" *Loar v. State,* 142 Ga. App. 875 (2) (237 SE2d 237).

The evidence showed that the officer administering the test possessed a valid permit issued by the State Crime Laboratory for performing alcohol-content chemical tests; that the officer had attended State Crime Laboratory training and refresher courses; that the officer had read intoximeter test scores on approximately 500 subjects prior to administering the test in the case at bar; and that the test was performed according to methods approved by the State Crime Laboratory.

There was sufficient evidence to warrant a finding that the requirements of Code Ann. § 68A-902.1 (a) had been satisfied. The officer's testimony and the results of the test were properly admitted.

2. Appellant asserts that the intoximeter results were inadmissible because he was denied his right to alternate tests as provided in Code Ann. § 68A-902.1 (a) (3).

The evidence shows that prior to the administration of the test, while the appellant was being transported to the police station for testing, he made a request to stop at a nearby hospital for a blood test. The officer refused to comply with the request, under the belief that the hospital

had been closed for several months. Evidence is lacking as to whether the hospital was in fact closed at the time of appellant's request. The evidence shows that an intoximeter test was conducted at the police station, that the appellant was properly advised at the time of his right to alternate tests in accordance with Code Ann. § 68-902.1 (a) (3), and that appellant did not indicate any desire for alternate testing after being so advised.

We need not consider under the facts of this case the officer's refusal to comply with appellant's request for a blood test. Appellant's request was a specific demand for testing prior to the state's testing. Appellant made no request for a blood test after the state's testing. The statutory rights to alternate tests afforded by Code Ann. § 68A-902.1 (a) (3) do not attach until the state has performed its tests. See Code Ann. § 68A-902.1 (a) (3) (the "person *tested* may. . .").

Since appellant did not request the rights afforded by Code Ann. § 68A-902.1 (a) (3), after being fully informed and given the opportunity to do so, he may not now complain.

3. Appellant contends that the intoximeter test results were inadmissible because of the arresting officer's failure to advise him of his rights to alternative tests at the time of the arrest. See Code Ann. § 68A-902.1 (a) (4).

The arresting officer testified that appellant was informed of these rights when appellant was put in the patrol car. Appellant contends that he was not informed until some time later. The evidence is uncontradicted that "implied consent" rights were given at the police station before the intoximeter test was administered.

The trial court correctly refused to exclude the results of the blood alcohol test. *Martin v. State,* 139 Ga. App. 8 (2) (228 SE2d 15) (accused read rights immediately after test administered); *Rayburn v. State,* 140 Ga. App. 712 (1) (231 SE2d 383) (accused read rights at police station). See generally *Hunter v. State,* 143 Ga. App. 541 (1) (239 SE2d 212).

4. During cross examination, defense counsel asked the arresting officer about conversations he had with appellant. In a responsive manner, the officer testified

that appellant stated that he had been "charged with driving under the influence before." Defense counsel did not object to this testimony.

When the appellant later took the stand, the state on cross examination asked whether appellant remembered the above-mentioned testimony of the police officer. Defense counsel objected to the question before appellant's response. The trial court sustained the objection and further instructed the jury to disregard the question and any response thereto. Appellant contends that this questioning improperly placed his character in issue and requires a reversal. We disagree.

Of course, prior charges for driving under the influence are inadmissible if the defendant has not placed his character in issue. *Reliford v. State,* 101 Ga. App. 244 (4) (113 SE2d 473). Here, however, defense counsel elicited any allegedly prejudicial testimony. The state's questioning was not allowed and proper instructions were given to disregard any response. There was no error here. *Garrett v. State,* 120 Ga. App. 611 (3) (171 SE2d 772). *Lemon v. State,* 235 Ga. 74 (2) (218 SE2d 818).

5. Appellant's motion for a directed verdict of acquittal was predicated on the exclusion of the results of the intoximeter test. Since we have held that the test results were properly admitted, the motion was properly overruled.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 16, 1978 — DECIDED FEBRUARY 8, 1978.

*Pilcher & Murray, Wallace H. Pilcher, William Anthony Murray,* for appellant.
*James C. Abbot, Solicitor,* for appellee.