## 70901. MODLIN v. THE STATE.
(335 SE2d 312)

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol. In his sole enumeration of error, appellant contends the trial court erred when it did not dismiss the case because the State made no affirmative showing that appellant waived his right to an independent chemical test by a person of his own choosing in addition to the test administered by the State. This enumeration of error is without merit.

The arresting officer testified that appellant was given the implied consent warnings required by OCGA § 40-5-55 (a) and he refused to take a breath test. Appellant testified to the same effect. The statutory right to an alternate test by a person of the defendant's own choosing does not attach until the State has performed its test. *Huff v. State*, 144 Ga. App. 764, 765 (2) (242 SE2d 361) (1978). Since appellant refused to take a test administered by the State he had no right to an alternate test, so the issue of waiver was not raised at trial. Hence, there is nothing for us to review. *Sims v. State*, 159 Ga. App. 692 (1) (285 SE2d 65) (1981).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 18, 1985.

*Jerry M. Daniel*, for appellant.
*Marion D. Cotten, Solicitor*, for appellee.