## 75037. DUFFEE v. THE STATE.
(361 SE2d 239)

McMURRAY, Presiding Judge.

Defendant was convicted of driving under the influence and improper lane change and this appeal followed. *Held:*

1. In his first enumeration of error, defendant contends the trial court erred in denying his "motion to suppress" the results of a breathalyzer test. In this regard, defendant alleges he was denied his

right to an additional test performed by a person of his own choosing in accordance with OCGA § 40-6-392 (a) (3). We disagree.

"Before the duty of the police arises to transport a defendant to the location of the test, he must first show that he had made arrangements with a qualified person of his own choosing, that the test would be made if he came to the hospital, that he so informed the personnel at the jail where he was under arrest, and that those holding him then 'either refused or in any event failed to take him to the hospital for that purpose.' *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560)." *Harper v. State*, 164 Ga. App. 230, 231 (296 SE2d 782). It can be argued that defendant made arrangements for the additional test and that he informed the personnel at the jail that he wanted it. However, a jailer testified that defendant voluntarily withdrew his request for the additional test after conferring with his sister at the jail. Although the testimony of the jailer was disputed by defendant and his sister, it was sufficient to support the trial court's finding that defendant voluntarily abandoned his right to an additional test. Resolution of conflicting testimony concerning the pursuit of additional testing is for the trial court. *Lovell v. State*, 178 Ga. App. 366, 368, 369 (343 SE2d 414).

2. In his second enumeration of error, defendant contends the trial court erred in failing to charge the jury, upon timely written request, as follows: "Under circumstances where there is a request for additional testing, there is coupled with the right to such testing, which is granted to the accused, a corresponding duty on the part of law enforcement officers not to deny him that right." See *Puett v. State*, 147 Ga. App. 300, supra. This enumeration of error is without merit. Questions regarding the admissibility of an officer-administered test are decided exclusively by the judge and not the jury. See *Lovell v. State*, 178 Ga. App. 366, 368, 369, supra. See also *Brown v. State*, 177 Ga. App. 146, 148 (2) (338 SE2d 718). Accordingly, it was not error for the trial judge to refuse to charge the jury pursuant to defendant's request. See *Rogers v. State*, 155 Ga. App. 685 (2) 686 (272 SE2d 549) (trial court did not err in refusing to instruct jury on consent to search).

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs in Division 1 and in the judgment.*

DECIDED SEPTEMBER 17, 1987.

*C. Arthur Moss, Jr.*, for appellant.
*John T. Newton, Jr., Solicitor*, for appellee.