## 77258. THE STATE v. WHITE.
### (373 SE2d 840)

DEEN, Presiding Judge.

Wayne C. White was involved in an automobile accident during the early morning hours. The officer who responded to the police call noticed that White was leaning against a sign when he arrived at the scene. While speaking with him, the officer noted that White's speech was slightly slurred, that he was a little incoherent, that he was slightly unsteady on his feet, and that he smelled of alcohol. Upon inquiry by the officer as to whether he had been drinking, White admitted that he had had a couple of beers. The officer administered field sobriety tests and then arrested him for DUI and making an improper left turn. The officer read White his implied consent rights on the scene, and the accused stated that he wanted a blood test as his independent test. The officer then inquired as to the name or phone number of someone who could administer the test. White could not think of anyone, so the officer asked the name of his family doctor. White stated that it was a "Dr. Hefferman," but he was unable to give the officer the doctor's telephone number or address. Appellee was taken to jail. At the jail, the officer again read the implied consent warning and asked him for someone he could call to administer the independent test. White stated that he could not think of anyone and submitted to the State's breath test. He was subsequently booked without having been given an independent test. Upon cross-examination the arresting officer revealed that White was never given the opportunity to ascertain his family doctor's telephone number or address. The State brings this appeal from the trial court's order suppressing the results of the State-administered breath test. *Held*:

The State contends that appellee's request for an independent blood test was untimely, since he had not submitted to the State's test at the time the request was made and relies upon *Huff v. State*, 144 Ga. App. 764 (242 SE2d 361) (1978), as authority. See also *Modlin v. State*, 176 Ga. App. 83 (335 SE2d 312) (1985). The facts in *Huff* indicate that the accused made his request during the ride to the police station and he "did not indicate any desire for alternate testing

after being so advised." *Huff* at 765. In *Modlin*, appellant refused to take the State-administered test and therefore waived his right to an alternate test.

The accused must be informed of his right to an independent test at the time of his arrest so that he may, if he so desires, challenge the accuracy of the State-administered test at the time when such a challenge would be meaningful. *Garrett v. Dept. of Public Safety*, 237 Ga. 413 (228 SE2d 812) (1976). Under the law as set forth in *Huff* and *Modlin*, the State has the right to have its test performed before the defendant's right to take a test attaches because a refusal to take the test constitutes a waiver of the right to an independent test. If he elects to have an independent test done, he may make this election after being informed of his informed consent rights.

The facts in evidence indicate that appellee wanted an independent test after being informed of his right to have one, but he was never given the opportunity to ascertain his doctor's address or telephone number. In *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560) (1978), this court stated: "The law gives one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing. But of what value is that right if the accused is in the custody of law enforcement officials who either refuse or fail to allow him to exercise the right? We hold that under such circumstances there is coupled with the right granted to the accused a corresponding duty on the part of law enforcement officers not to deny him that right." Under OCGA § 40-6-392 (a) (3), "The justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of the law enforcement officer." The police have no duty to make arrangements for an accused's independent test, but they are required to act reasonably once he has made the necessary arrangements to procure an independent test. *Harper v. State*, 164 Ga. App. 230 (296 SE2d 782) (1982).

In the instant case, the officers did not even permit him to make the necessary arrangements to take the desired test by denying him access to information which would have provided the telephone number and/or address of his personal physician. Accordingly, we find that the trial court did not err in granting appellee's motion to suppress.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 3, 1988.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellant.

*William S. Lewis*, for appellee.