A90A0123. NORFLEET v. THE STATE.
(396 SE2d 237)

SOGNIER, Judge.

Arthur Norfleet was found guilty of DUI by a jury, and the trial court entered judgment upon the conviction. Norfleet appeals.

1. Appellant first contends the trial court should have granted his motion to suppress the results of a blood test administered by the State because appellant was not informed of his right to obtain an independent chemical test, and his request for a second test was refused.

At the motion hearing, the arresting officer, P. J. Reagan, testified that on the night of November 18, 1988, he observed appellant back down the wrong side of the road and then stop. When Reagan

approached appellant and asked for his license, he smelled alcohol on appellant's breath. Reagan stated that after appellant failed to perform certain field sobriety tests adequately, he was arrested for DUI. Reagan testified that he read appellant his *"Miranda* rights and his implied consent warning," but with regard to the implied consent rights Reagan could recall only that he told appellant. the State had the right to conduct certain tests, and that if appellant refused his license would be suspended.

Appellant testified that at the time of his arrest Reagan did not inform him that he had the right to an independent chemical test performed by a person of his own choosing. Appellant stated that approximately thirty minutes after he was arrested, another officer arrived, placed appellant in a paddy wagon, and drove away from the scene. Appellant inquired where they were going, and upon being informed he was being taken to Grady Hospital for a blood test, appellant asked whether he could have a separate blood test taken by his own physician. He testified that in response the officer told him "you should have had that conversation with the [arresting] officer." It is undisputed that a second blood test was not performed.

When a chemical test is used in a civil or criminal proceeding arising from a charged violation of OCGA § 40-6-391, the "person tested may have a [qualified person] of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer," OCGA § 40-6-392 (a) (3), and "[t]he arresting officer at the time of arrest shall advise the person arrested of his rights to [this] chemical test or tests." Id. at (a) (4). This statute "requires that the officer inform [the accused] *at the time of arrest* of his right to an independent chemical analysis to determine the amount of alcohol or drugs present in his blood. Under ordinary circumstances, where this advice is not given at the time of arrest, . . . the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs." *Perano v. State,* 250 Ga. 704, 708 (300 SE2d 668) (1983). "[W]hen the State seeks to prove the violation [of OCCA § 40-6-391] by evidence of a chemical test, the State has the burden of demonstrating compliance with the statutory requirements" of OCGA § 40-6-392 (a) (3), (4). *Munda v. State,* 172 Ga. App. 857, 858 (324 SE2d 799) (1984).

In the case at bar, appellant testified that he did not receive notice of his right to an independent test as required by OCGA § 40-6-392 (a) (4), and the State did not present evidence at the motion hearing affirmatively rebutting his recollection of the events surrounding his arrest. However, the State argues that because Officer Reagan did subsequently testify at trial that the card from which he read appellant the implied consent warning included a statement re-

garding the right to an independent test, the trial court's ruling should be affirmed. While we may consider that trial testimony as supplementing the hearing transcript, *Sanders v. State*, 235 Ga. 425, 431-432 (219 SE2d 768) (1975), the record also establishes that appellant's request for an independent test was refused. The record, including the trial transcript, is devoid of evidence that he was offered an opportunity to schedule a second test, and thus there is no evidence that the officers complied with their mandatory statutory duty to allow appellant to exercise his right to an independent test. *State v. White*, 188 Ga. App. 658, 659 (373 SE2d 840) (1988); see *State v. Hughes*, 181 Ga. App. 464 (352 SE2d 643) (1987). The State's argument that appellant failed to arrange for an independent test is wholly without merit given that the evidence does not show that the officers made any effort to "act reasonably" once appellant expressed a desire to have a test performed, *White*, supra at 659, or that he was afforded any opportunity to make the necessary arrangements. See id.; see also *Hughes*, supra at 466-467, in which we rejected a similar argument even though a second test ultimately was performed.

Under these circumstances, given our mandate of strict protection of an accused's rights under OCGA § 40-6-392 (a), see *Munda*, supra at 858, we find admission of the test results was harmful error, *Carswell v. State*, 171 Ga. App. 455, 457-458 (1) (a) (320 SE2d 249) (1984), and accordingly reverse the denial of appellant's motion to suppress. See id. at 458.

2. Our decision in Division 1 renders moot appellant's remaining enumerations of error.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

## ON MOTION FOR REHEARING.

The State's contention that appellant's request for an independent test was premature is controlled adversely to the State by *State v. White*, 188 Ga. App. 658-659 (373 SE2d 840) (1988), where we held that an accused's right to have an independent test *performed* does not attach until the State performs its test, but found that the right to *request* an independent test may be exercised when the accused is read his informed consent rights.

*Therefore, the motion for rehearing is denied.*

DECIDED APRIL 3, 1990 —
REHEARING DENIED JULY 27, 1990 — CERT. APPLIED FOR.

*Herbert Shafer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, David Wright, Benjamin H. Oehlert III, Assistant District Attorneys*, for

appellee.