# STATE OF FLORIDA v VALDES-FAULI

## Case Nos. 06692 JA and 18658 DD

County Court, Dade County

March 28, 1991

### APPEARANCES OF COUNSEL

**James Greenfield,** Assistant State Attorney, for plaintiff.

**Robert S. Reiff,** P.A., and Richey, Munroe, Fine, Goodman & Armstrong, P.A., for defendant.

## OPINION OF THE COURT

JONATHAN T. COLBY, County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

THIS CAUSE, having come on to be heard before me upon the Defendant's Motion to Dismiss based upon the failure of the State of Florida to provide him with an independent and approved blood alcohol content test, and counsel for both parties having been fully present and argument having been had, and the court being fully advised in the premises, it is hereby,

ORDERED AND ADJUDGED, that the Defendant's Motion be GRANTED and that the Defendant's case for Driving Under the Influence pursuant to Florida Statute 316.193 in the above numbered case shall be DISMISSED. The grounds upon which this motion is granted are as follows:

On or about December 30, 1990, the Defendant was arrested by Trooper Michael W. Roden of the Florida Highway Patrol for allegedly committing the offense of Driving Under the Influence of Alcohol pursuant to Florida Statute 316.193.

Trooper Roden then transported the Defendant to an alcohol testing unit in order to have administered upon Mr. Valdes-Fauli a breath test. At that time, Trooper Raymond Addison read the Defendant the Florida Consent Rights. The officer specifically stated that:

"You are under arrest for Driving Under the Influence of Alcohol or a Controlled Substance. You will be offered a breath test for determining the alcohol content of your blood and/or a urine test for detecting the presence of a controlled substance. If you refuse to take either of these tests, the Department of Highway Safety and Motor Vehicles will suspend your privilege to operate a motor vehicle for a period of 1 year or for a period of 18 months if it was previously suspended for refusal to submit to a breath or urine test. *You may at your own expense have other approved tests performed to determine the alcohol content of your blood or to detect the presence of a controlled substance.* Your refusal to submit to a chemical breath or urine test, upon request from a law enforcement officer, shall be admissible into evidence in any criminal proceeding." (Emphasis added) *See:* Videotape of the Implied Consent Rights.

Even though the Defendant requested the opportunity to take the independent and approved blood alcohol test that Trooper Addison said he was entitled to, the two officers refused to transport the Defendant to a hospital or other facility to have blood drawn. The

**115**

officers instead booked the Defendant into the County Jail where he remained until he was released over eight (8) hours later. The troopers were relying on the department policy of the Florida Highway Patrol in not releasing Mr. Valdes-Fauli earlier on a promise to appear. By the time Mr. Valdes-Fauli was released from police custody and was able to obtain transportation, the alcohol content in his bloodstream was too far removed from the time of the alleged incident as to prevent the Defendant from obtaining a valid independent test.

Under Florida Statute 316.1932(1)(f)3. (1988) (Breath, blood and urine test for alcohol, chemical substances, or controlled substances: Implied Consent; Right to Refuse) a person may request that a chemical test (in addition to the test administered at the direction of the law enforcement officer) be made of his breath, urine, or blood for the purpose of determining the alcohol content of his blood or the presence of chemical substances.

This court is mindful of the relevant section of Statute 316.1932(1)(f)3. wherein it is stated that:

> The failure or inability to obtain an additional test by a person shall not preclude the admissibility into evidence of the test taken at the direction of a law enforcement officer.

However, it is this court's finding that after informing Mr. Valdes-Fauli of his right to an independent and approved blood alcohol test and Mr. Valdes-Fauli's clear request that he be allowed the opportunity to submit to said test, the police officers had a further duty not to hamper or interfere with the efforts on the part of the accused to obtain a sampling of his blood. *State v Snipes,* 478 SW 2d 299, 302 (Mo. 1972).

One must note that Mr. Valdes-Fauli testified that he was not permitted to make a phone call as he had requested. While this court is aware of the recent decisions that have stated that an individual has no right to consult with an attorney prior to a breath test *(State v Hoch,* 500 So.2d 597 (Fla. 3d DCA 1986, *Nelson v State,* 508 So.2d 48 (Fla. 4th DCA 1987)), this court finds that the refusal to allow the Defendant to call an attorney or physician to make arrangements for an independent test further thwarted his efforts to obtain such a test. As the United States Supreme Court stated in *Breithaupt v Abram,* 352 U.S. 432, 77 S. Ct. 408 (1957), "in an investigation to determine the existence of alcohol or drugs, it is *crucial* to gather evidence relevant to intoxication close in time to when the Defendant allegedly committed the crime" (emphasis added).

This court also makes a finding of fact, upon a review of the

116

videotape as well as from the testimony adduced at the hearing, that the independent test, if performed, would have been exculpatory, notwithstanding the opinions of Trooper Roden and Trooper Addison.

In the course of oral argument, it has been determined that the Florida Highway Patrol have no procedures in which to facilitate the implementation of an independent test pursuant to Florida Statutes 316.1932(1)(d), and 316.1932(1)(f)3. While it is this court's belief that the failure to obtain an independent test in the *instant* case is partially attributable to the failure of the Florida Highway Patrol to have such procedures in place, it is not based upon such grounds that this court dismisses this matter.

What is most compelling in the *instant* case, and what requires the dismissal of the charges, is the clear due process violation which took place in this matter. While perhaps inadvertent, the fact the Defendant languished in jail for as long as eight (8) hours prior to his release after stating that he wishes to have an independent blood alcohol test performed acted as a denial of his due process rights pursuant to the United States Constitution and Article 1 Section 9 of the Florida Constitution. Such a denial of an opportunity to procure an approved blood alcohol test on a charge of intoxication prevents the accused from obtaining evidence necessary to his defense and is a denial of due process of law entitling him to his discharge. *In re Newbern,* 360 P.2d 47, 50 (Cal. 1961); *See also: State v Reed,* 672 P.2d 1277 (Wash. App. 1983); *State v Swanson,* 722 P. 2d 1155, 1158 (Mont. 1986) (wherein the Supreme Court of Montana stated that while the police have no duty to assist an accused in obtaining an independent test of sobriety, they cannot frustrate such an effort through either affirmative acts or their rules or regulations); *People v Underwood,* 396 N.W. 2d 443, 444 (Mich. App. 1986); *McNutt v Superior Court,* 648 P.2d 122, 125 (Ariz. 1982) (where the court stated that dismissal of the case with prejudice is the appropriate remedy where the state's actions foreclosed a fair trial by preventing the defendant from collecting exculpatory evidence which was no longer available): *State v Choate,* 667 SW 2d 111, 113 (Tenn. App. 1983); *Champion v Department of Public Safety,* 721 P.2d 131, 133 (Alaska 1986); *State v Snipes,* 478 S.W.2d 299, 302, 303 (Miss. 1972) *cert. den.,* 409 U.S. 979 (1973); *State v George,* 754 P.2d 464 (Kan. App. 1988); *State v Glosson,* 462 So.2d 1082, 1085 (Fla. 1985) (where the Florida Supreme Court stated that governmental misconduct which violates the constitutional due process rights of a Defendant requires the dismissal of criminal charges).

As the Georgia Court of Appeals so eloquently stated in *State v White,* 373 S.E.2d 840 (Ga. App. 1988), "the law gives one accused of

driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his choosing. But of what value is that right if the accused is in the custody of law enforcement officials who either refuse or fail to allow him to exercise the right?" *Id.* at 841, *citing with approval, Puett v State,* 248 S.E.2d 560 (1978).

Due to the important issues which are raised in this cause, which are subject to continuing dispute, this court certifies to the Third District Court of Appeals, the following questions under the Florida Rules of Appellate Procedure, Rule 9.160:

I. WHETHER A POLICE OFFICER'S FAILURE TO ASSIST AN INDIVIDUAL IN OBTAINING AN INDEPENDENT BREATH TEST PURSUANT TO FLORIDA STATUTE 316.1932 AMOUNTS TO A DUE PROCESS VIOLATION WHICH REQUIRES DISMISSAL OF THE CHARGES AGAINST THE INDIVIDUAL?

II. WHETHER DISMISSAL ON DUE PROCESS GROUNDS IS WARRANTED WHERE A POLICE OFFICER'S ACTIONS PREVENTS AN INDIVIDUAL FROM OBTAINING AN INDEPENDENT TEST PURSUANT TO FLORIDA STATUTE 316.1932?

III. WHETHER POLICE AGENCIES ARE REQUIRED TO HAVE PROCEDURES IN PLACE TO ALLOW FOR THE INDEPENDENT TESTING OF AN INDIVIDUAL'S BLOOD ALCOHOL CONTENT?

DONE AND ORDERED at Dade County, Florida on this 28th day of March, 1991.