A92A1470. BALLEW v. THE STATE.
(426 SE2d 254)

SOGNIER, Chief Judge.

Jonathan Ballew pled guilty to driving under the influence of alcohol, underage possession of alcohol by consumption, running a red light, and manufacturing a false government identification document. He appeals from the denial of his motion to suppress.

1. The transcript of the guilty plea hearing reveals that the trial court sufficiently indicated its exercise of discretion to accept the guilty plea on condition that the appellate issue was preserved. Applying the less restrictive approach to interpreting the methods in which appellants can preserve such conditional pleas that was adopted by this court in *Springsteen v. State*, 206 Ga. App. 150 (424 SE2d 832) (1992), the transcript reveals that both appellant and the State presented to the trial judge their agreement that appellant would "be allowed to appeal the [denial of his] motion [to suppress] even though he's pleading guilty." There is not the slightest indication that the trial judge did not approve, nor is there any doubt that appellant entered his guilty plea in reliance upon the trial judge's ac-

ceptance of his right to appeal the denial of his motion to suppress. Given counsel's discussion of this matter in the presence of the trial judge and the absence of any indication that the trial judge disapproved, we conclude that the trial judge tacitly approved the conditional guilty plea and that the propriety of the ruling on the motion to suppress is preserved for appeal. Accordingly, "we address the issue which all parties on the trial level expect [this court] to decide." (Footnote omitted.) *Springsteen*, supra.

2. Appellant contends the trial court erred by denying his motion to suppress because the police failed to honor his request for an independent blood test. Evidence was adduced at the hearing on appellant's motion that City of Gainesville Police Officer Brian Buffington stopped appellant after witnessing him drive through an intersection without stopping at the flashing red light. Based on the smell of alcohol around appellant and his possession of a cup filled with a liquid the officer believed to be alcohol, the officer administered an alco-sensor test. The results were positive, and Buffington arrested appellant for DUI and running the red light. Buffington testified that after placing appellant in his patrol car he read appellant his implied consent rights and that appellant agreed to take the State-administered test. Buffington testified that he could not remember appellant making any comments other than agreeing to take the test, expressing concern about his college scholarship, and apologizing for running the light. Officer Charles Newman, who administered the intoximeter test, testified that appellant did not ask for an additional blood test. The officer at the detention center where appellant was taken several hours after the State test was administered could not remember appellant requesting an additional blood test.

Appellant testified that Buffington read him his implied consent rights at the police station and that when the officer said "you have the right to an independent test which could be a breath test, a blood test, or a urinalysis[,] I said, well I'd rather take the blood test or the urinalysis, if I could." Appellant testified he also asked Newman "is it possible for me to get a blood test, a different test?" after he had taken the State-administered test and during the fingerprinting process. Appellant stated he made the same request of the detention center officer, but it was denied.

The trial court denied appellant's motion, stating that "[t]he statements of [appellant] to the first officer [Buffington] seem to me to be before the test was given, before the State-administered test is given, and I don't think that's sufficient to do whatever he needs to do to get his test. I think he would have had to renew that statement after the State's test. The statement to the officer at the [detention center] seems to me to be too long after the incident. . . . The only one then in question is what was said to Officer Newman, which

seems to me to be not as clear a request as it could be. For that reason, I am denying the motion."

It is apparent that the trial court did not rule on the conflict in the testimony between appellant and the police officers as to whether appellant had requested an additional test. Rather, the trial court based its ruling on a legal determination that even under appellant's version of the facts, his request to Buffington was premature and his request to Newman was not sufficiently clear. We need not address the latter determination, however, because as a matter of law the trial court erred by finding that appellant's request for an independent test was premature because it was made before the State-administered test was given.

"[T]he State has the right to have its test performed before the defendant's right to take a test attaches because a refusal to take the test constitutes a waiver of the right to an independent test. If he elects to have an independent test done, he may make this election after being informed of his informed consent rights." *State v. White*, 188 Ga. App. 658, 659 (373 SE2d 840) (1988). Accord *Norfleet v. State*, 196 Ga. App. 548, 550 (396 SE2d 237) (1990). Under appellant's version of the events, he sufficiently exercised his right to an independent test when Buffington read the implied consent rights to him. See id. We note that there is no evidence that appellant voluntarily withdrew his request for the additional test. Compare *Duffee v. State*, 184 Ga. App. 247, 248 (1) (361 SE2d 239) (1987).

Therefore, since the trial court did not rule on the conflict in the evidence on the question whether appellant did request an independent test, the trial court's ruling on appellant's motion is vacated and this case is remanded to the trial judge for a determination of the factual issues and an application of the law consistent with this opinion.

*Judgment vacated and case remanded. Carley, P. J., Pope, Beasley, Cooper and Johnson, JJ., concur. McMurray, P. J., Birdsong, P. J., and Andrews, J., dissent.*

McMurray, Presiding Judge, dissenting.

I respectfully dissent as the trial court did not expressly approve defendant's request to enter the conditional guilty pleas as is required by *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824).

"[D]efendants have no right to condition guilty pleas upon reserving the appeal of any issues, and defendants may only reserve the appeal of such issues when the trial court, in the exercise of its discretion, allows a defendant to do so as part of a negotiated plea. Therefore, unless the trial court expressly approves the reservation of the issue and accepts the guilty plea with that condition, the issue is not preserved; and an unconditional guilty plea will waive any defenses

and objections (*Massey v. State*, 137 Ga. App. 484, 485 (224 SE2d 117)) except an appellate issue of whether such plea was voluntarily made by appellant and accepted following proper inquiry by the trial court." *Mims v. State*, 201 Ga. App. 277, 278 (1), 279, supra.

At arraignment, defendant made a request to preserve for appeal the issue of the denial of his motion to suppress and the State announced that such a reservation of a right to appeal was part of the plea negotiations. Defense counsel then stated that defendant "understands that if he's unsuccessful in his appeal that the sentence today is his sentence." The trial court did not respond to defendant's request to enter the conditional guilty pleas, but made general inquiry as to the knowing and voluntary nature of defendant's guilty pleas. The trial court then accepted the guilty pleas and sentenced defendant. These circumstances do not reveal that the trial court expressly, or even tacitly, approved defendant's request to enter the conditional guilty pleas.

"[I]t is the responsibility of the trial court to decide whether to exercise its discretion and accept a guilty plea on condition that appellate issues are preserved." *Mims v. State*, 201 Ga. App. 277, 278 (1), 279, supra. In the case sub judice, the majority holds that the trial court's silence in response to defendant's request to enter the conditional pleas was an exercise of discretion and an approval of the guilty pleas. I do not. Further, it is my view that the majority's reliance on *Springsteen v. State*, 206 Ga. App. 150 (424 SE2d 832) (1992), is misplaced.

In *Springsteen v. State*, 206 Ga. App. 150, supra, the trial court satisfied its duty to expressly approve conditional guilty pleas by discussing the request with counsel and by stating to defense counsel, " 'If you're satisfied [that such a reservation of a right to appeal is appropriate], I'm satisfied.' " However, the holding in *Springsteen* was expressly limited to the circumstances of that case. Specifically, this Court stated that its holding is based on "the obvious fact that the plea was conditioned on the right to appeal the court's search and seizure ruling and that the court agreed to such procedure appears on the record." Id. In fact, this Court expressly recognized *Mims* and stated that "courts should precisely express on the record an approval of the reservation of appellate issues when exercising the discretion to accept the plea." Id.

It is my view, that the trial court's silence in response to defendant's request to enter the conditional guilty pleas did not meet the express approval requirement of *Mims v. State*, 201 Ga. App. 277, supra, i.e., silence does not amount to an exercise of discretion nor does it amount to an approval (either express or implied) of a conditional plea agreement. Consequently, I would affirm the judgment of the trial court since defendant's admission of guilt constitutes a

waiver of all known and unknown defenses and since defendant does not challenge the knowing and voluntary nature of his guilty pleas. See *Mims v. State*, 201 Ga. App. 277, 278 (1), supra.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED DECEMBER 4, 1992.

*Whitmer & Law, George H. Law III*, for appellant.
*Lydia S. Jackson, Solicitor*, for appellee.