## A92A1133. DUCKETT v. THE STATE.
(426 SE2d 271)

SOGNIER, Chief Judge.

Robert D. Duckett was convicted of DUI in a bench trial and he appeals.

Appellant contends the trial court erred by admitting into evidence the results of a State-administered breath test because his request for an independent blood test was refused.

At the hearing on the motion to suppress, Officer C. T. Cox of the Cobb County Police Department testified that he stopped appellant on Canton Highway at approximately 11:15 p.m. on June 22, 1990 after observing the vehicle driven by appellant veer into the center turn lane several times. Cox testified he administered several field sobriety tests, then arrested appellant and read him the implied consent rights. Cox did not recall at the hearing whether appellant had requested a blood test. The stop of appellant was recorded on videotape by the camera in Cox's patrol car, however, and the transcript of that videotape reveals that after Cox informed appellant of his implied consent rights but before appellant had agreed to submit to the State-administered test, appellant said he wanted a blood test. Appellant was taken to a mobile testing unit, where two separate breath tests were administered by Cox. The results of those breath tests were .11 and .10. It is undisputed that no blood test was ever administered. The trial court denied appellant's motion to suppress on the ground that appellant's request immediately after being read his rights "did not amount to a demand" and was premature.

We agree with appellant that the trial court erred by finding that appellant's request for a blood test "did not amount to a demand" and that appellant's request was premature because the State had not yet performed its own test. "Under the law as set forth in *Huff* [*v. State*, 144 Ga. App. 764 (242 SE2d 361) (1978)] and *Modlin* [*v. State*, 176 Ga. App. 83 (335 SE2d 312) (1985)], the State has the right to have its test performed before the defendant's right to take a test attaches because a refusal to take the test constitutes a waiver of the right to an independent test. [However, i]f he elects to have an independent test done, he may make this election after being informed of his informed consent rights." *State v. White*, 188 Ga. App. 658, 659

(373 SE2d 840) (1988).

However, the error of the trial court's ruling does not necessarily guarantee that the motion to suppress should have been granted. It indicates only that the motion to suppress should not have been denied for the reason stated by the trial court. If it was proper to deny the motion for some other reason, then the judgment below is untainted by the improper admission into evidence of the results of the breath test, and the judgment of conviction may stand. OCGA § 40-6-392 (a) (3) provides that "[t]he justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer." "It is incumbent on the trial court to determine whether the failure or inability to obtain the additional test is justified." *State v. Buffington*, 189 Ga. App. 800, 801 (377 SE2d 548) (1989). To determine whether the failure to perform a blood test was justified, we must look to events subsequent to appellant's request.

The events subsequent to Cox's stop of appellant were not recorded on videotape and the evidence of record is in sharp conflict on the crucial issue of what transpired. The State's position is that although he initially requested a blood test, after the breath test was administered appellant changed his mind, withdrew that request for a blood test, and asked instead for a repeat of the breath test. Appellant's position is that he never changed his mind. Although it is undisputed that Cox administered a second breath test, appellant testified that he never asked for a repeat of the breath test; Cox testified he did. Appellant testified that the second breath test was administered because Cox believed he was trying to "beat the test," and that he never repeated his request for a blood test because he believed it would be futile. Cox, on the other hand, testified that after he administered the breath test he asked appellant, as he asks "anybody and everybody [he] arrest[s] for DUI, . . . if they want any additional test." Cox testified unequivocally and unambiguously that "[a]t that point [appellant] told me he wanted another breath test. We waited twenty minutes after the state test and gave him an additional breath test." Cox also testified "I told him as I tell everybody else, '[y]ou have taken the state administered test. Your driver's license [is] not going to be suspended for refusing to take the test and since you have done so you have an option to an additional test. It can be of your blood, your breath, your urine or some other bodily substance. . . . [Appellant] indicated he wanted a breath test."

Thus, there was competent direct evidence that appellant had again been asked if he wanted an additional test; that he indicated he wanted a breath test; and that this request was accommodated by Cox. There was equally competent direct evidence to the contrary. The trial court never resolved this conflict in the evidence because it

believed, albeit erroneously, that appellant had not made a timely request for a blood test. The nature of the evidence in this case is undistinguishable from that in *Duffee v. State*, 184 Ga. App. 247 (1) (361 SE2d 239) (1987), cited by the dissent, the only difference being that in *Duffee* the trial court resolved the conflict.

The trial court, as the finder of fact, must now make the credibility decision it avoided earlier based on an erroneous belief regarding what the law requires. Accordingly, we remand this case to the trial court for a resolution of the conflict in the evidence regarding whether appellant's request for a blood test was withdrawn in favor of a request for a repeat of the State-administered breath test. Should the trial court resolve the conflict in favor of appellant, the motion to suppress should have been granted and the trial court's judgment must be reversed. Should the trial court resolve the conflict in favor of Cox, then the denial of the motion to suppress was correct, and the judgment may be affirmed. See *Ballew v. State*, 206 Ga. App. 631 (426 SE2d 254) (1992).

*Judgment reversed. Birdsong, P. J., Carley, P. J., Beasley, Andrews and Johnson, JJ., concur. McMurray, P. J., Pope and Cooper, JJ., dissent.*

COOPER, Judge, dissenting.

I agree with the majority that the trial court erred in ruling that appellant's request for an independent blood test was unclear and untimely. Because I do not agree that the record presents a question of fact for trial court determination with respect to withdrawal of that request, however, I would reverse the trial court's denial of appellant's motion to suppress rather than remand for further consideration of withdrawal.

The only evidence in the record even suggesting withdrawal of appellant's request is his failure to repeat his request for an independent blood test; Officer Cox's statement that appellant asked Cox to perform a second breath test; and Officer Cox's conclusion, after his initial recollection that appellant never requested a blood test was belied by the videotape, that appellant must have "changed his mind." The conflicting evidence regarding the second breath test discussed by the majority does not create an issue of fact as to withdrawal requiring remand because in my view, the evidence described above — even if we assume appellant requested a second breath test — is insufficient as a matter of law to support a finding that appellant's unequivocal and unambiguous request for an independent blood test was withdrawn. Cf. *State v. Hughes*, 181 Ga. App. 464, 466 (352 SE2d 643) (1987) (burden is on State to demonstrate strict compliance with statutory requirements if it wishes to rely on intoximeter test); *Munda v. State*, 172 Ga. App. 857, 858 (1) (324 SE2d 799) (1984) (it

is " 'the statutory mandate of the General Assembly that the use of such tests in criminal trials shall be subject to the strictest protections. . . .' [Cit.]"). Once an accused invokes his right to an independent blood test by making a clear request for it, as appellant did in this case, a withdrawal of the request or waiver of the right should not be inferred from the accused's failure to repeat the request or other circumstantial evidence; the withdrawal must be as clear as the request. Compare *Duffee v. State*, 184 Ga. App. 247 (1) (361 SE2d 239) (1987) (testimony of jailer that accused voluntarily withdrew his request for additional test after conferring with his sister was sufficient to support trial court's finding that accused voluntarily abandoned his right to additional test).

Accordingly, I would hold that the trial court erred in denying appellant's motion to suppress and in considering the results of the intoximeter test. Moreover, immediately before deciding appellant's guilt, the trial court twice stated that the case was a close one. I therefore would conclude that the trial court's error in considering the results of the State's breath test was not harmless and would reverse the judgment in this case.

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this dissent.

DECIDED DECEMBER 7, 1992.

Barbara M. Lassiter, for appellant.
*Patrick H. Head, Solicitor, Clifford L. Granger, Jr., Diane M. Busch, Assistant Solicitors*, for appellee.

