## A93A1644. CHURCH v. THE STATE.
(436 SE2d 809)

ANDREWS, Judge.

Patricia Ann Church was charged with driving under the influence to the extent that it was less safe for her to drive under OCGA § 40-6-391 (a) (1), physically controlling a moving vehicle while her blood-alcohol concentration was in excess of that allowed under OCGA § 40-6-391 (a) (4), and failing to maintain her lane in violation of OCGA § 40-6-48. She was convicted of driving under the influence to the extent that it was less safe for her to drive and appeals.

Evidence at trial was that at about 11:15 p.m. on March 25, 1992, Officer Clark stopped Church for failing to stay in her lane of traffic. Officer Clark observed the vehicle Church was driving cross over the lane lines several times and observed her brake in a jerking manner. Clark suspected that Church was driving under the influence, turned on his video camera and pulled her over. After stopping her, Officer Clark smelled alcohol and requested that she perform field sobriety tests, which she failed. The alco-sensor test he administered indicated that she had been drinking. Officer Clark administered a second alco-sensor test, which again indicated that she had been drinking. Church admitted that she had consumed some alcohol. Officer Clark placed her under arrest, handcuffed her and read her the implied consent card. Church then indicated that she would take the breath test. Officer Clark recalled that Church did not indicate that she wanted an additional test of her own.

Officer Merrifield testified that he administered the intoximeter breath test on Church at approximately 11:46 that evening. He stated that the test registered .13 percent.

Church also testified. She stated that she had consumed one-and-one-half glasses of wine on the evening in question.

1. In her first enumeration of error, Church contends that the trial court erred in failing to exclude the results of the State-administered breath test on the grounds that she was not afforded the opportunity to have an independent chemical test despite her request pursuant to OCGA § 40-6-392 (a) (3).

In addition to Officer Clark's testimony regarding the sequence of events, the videotape he made of the incident was introduced and is

an exhibit to the record before us now. In that videotape, during the field sobriety tests, Church stated: "If you were going to arrest me would you take like a blood test; still you would put me in jail and I would still go to jail for DUI, right?" After this statement, Officer Clark administered a second alco-sensor test, read Church the implied consent warnings and arrested her. When advised of her right to an independent test, she then stated: "it won't matter and you know that." Officer Clark was present during the administration of the breath test and Church never mentioned an independent test.

Officer Clark testified that until he viewed the videotape he did not recall Church mentioning an independent test. The trial court denied Church's motion to exclude the results of the intoximeter test on the basis that Church had requested the test prior to the reading of the implied consent warnings, and thus prior to her right to an additional test having attached.

Church contends that her questions regarding a blood test constituted a request for an independent test under OCGA § 40-6-392 (a) (3). We disagree. Church, who had not been read the implied consent rights, was simply clarifying the procedure which would be followed if she was arrested. Her response after being told that she was entitled to an independent test is consistent with our interpretation that her statement was not a request. The conflict "having been resolved in favor of the State, that is, the trial court having concluded that defendant did not effectively communicate to the officers any desire for an additional test, the trial court did not err in denying defendant's motion to suppress the evidence." (Citation omitted.) *Magher v. State*, 199 Ga. App. 508 (1) (405 SE2d 327) (1991). Because of our conclusion that no adequate request was made under OCGA § 40-6-392 (a) (3), we do not reach the issue of when the right to exercise this choice attached. See generally *Duckett v. State*, 206 Ga. App. 651 (426 SE2d 271) (1992); *State v. White*, 188 Ga. App. 658 (373 SE2d 840) (1988).

2. In her second enumeration of error, Church argues that the trial court erred in allowing Officer Clark to testify as to the ultimate issue of fact before the jury, that in his opinion Church was a less safe driver. She contends this was an inadmissible legal conclusion and that in so testifying, Officer Clark invaded the jury's province. Church's arguments in this regard were decided adversely to her in *Chance v. State*, 193 Ga. App. 242 (1) (387 SE2d 437) (1989); see also *Fisher v. State*, 177 Ga. App. 465 (1) (339 SE2d 744) (1986).

3. Thirdly, Church contends that the trial court erred in its failure to grant her motion for directed verdict since the State proved only her *breath*-alcohol content, not her *blood*-alcohol content. Pretermitting issues arising out of the fact that Church was acquitted on charges under OCGA § 40-6-391 (a) (4), we find her arguments in

this regard misplaced. See *Page v. State*, 202 Ga. App. 828 (1) (a) (415 SE2d 487) (1992); *Fudge v. State*, 184 Ga. App. 590 (5) (362 SE2d 147) (1987).

4. In her final enumeration, Church contends that the trial court erred in sentencing her to a misdemeanor of a high and aggravated nature in that it erroneously allowed into evidence a Department of Public Safety printout to prove her prior DUI convictions. Specifically, citing *Baldasar v. Illinois*, 446 U. S. 222 (100 SC 1585, 64 LE2d 169) (1980), and *Burgett v. Texas*, 389 U. S. 109 (88 SC 258, 19 LE2d 319) (1967), she claims that the evidence of her previous DUI convictions was improper since there was no showing that she had either been represented by counsel, or had waived counsel in these previous cases.

There is no contention that Church was sentenced to serve time in conjunction with the previous convictions. Again, based on *Dotson v. State*, 179 Ga. App. 233, 234 (3) (345 SE2d 871) (1986), we reject Church's argument. See generally *Stillwell v. State*, 161 Ga. App. 230, 232 (288 SE2d 295) (1982).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 27, 1993.

*Clark, Justice, Harkins & Croy, Kenneth R. Croy*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Mary W. Kendall, Assistant Solicitors*, for appellee.