## A97A0275. THOMAS v. THE STATE.
(485 SE2d 246)

JOHNSON, Judge.

Van Kenneth Thomas appeals from his conviction, following a bench trial, of driving under the influence of alcohol to the extent he was a less safe driver, in violation of OCGA § 40-6-391 (a) (1). We affirm.

1. Thomas contends the evidence is insufficient to support his conviction. On appeal, the presumption of innocence no longer applies, and we must view the evidence in the light most favorable to the verdict. We may not weigh the evidence, or speculate which testimony the factfinder chose to believe or disbelieve. *Redding v. State*, 217 Ga. App. 529 (458 SE2d 168) (1995).

Viewed in this light, the evidence shows that in the early morning hours of July 2, 1995, Thomas and his girl friend were staying in a motel in Douglas, Georgia, when another man tried to break into their room. Thomas' girl friend called the police between 4:00 and 5:00 a.m., and two officers responded to the call. One of the officers testified that Thomas was "extremely" intoxicated, and that they warned him not to drive until he became sober.

At 6:47 that morning, as that officer drove his patrol car into the parking lot of a nearby restaurant, Thomas followed him in another vehicle and flashed his lights for the officer to stop. Thomas got out of his car and spoke with the officer, who noticed Thomas still smelled strongly of alcohol, was unsteady on his feet, and had bloodshot, glassy eyes. Thomas' speech was so slurred the officer had difficulty

understanding him.

The officer arrested Thomas for DUI, read him the required implied consent warning, and took him to the police station to obtain a breath test. Thomas blew at least twice into the testing machine, but did not blow enough air for it to obtain a reading. He then requested a blood test. The arresting officer construed Thomas' failure to complete the breath test as a refusal, however, and refused to take him to the local hospital for a blood test.

Thomas contends this evidence is insufficient because the state did not have evidence of the results of any field sobriety tests or chemical tests, the officer did not observe anything wrong with his driving, and the officer did not opine that Thomas was intoxicated to the extent he was a less safe driver. These arguments go to the weight of the evidence, which is a matter for the trier of fact. Based on the officer's description of Thomas' speech, behavior, appearance, and odor, a rational trier of fact could have found Thomas guilty of driving under the influence of alcohol to the extent he was a less safe driver. See *Duncan v. State*, 205 Ga. App. 181, 182 (2) (421 SE2d 336) (1992); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thomas claims that the trial court erred in finding he refused to complete the breath test, and that he therefore had a right to a blood test. In most circumstances, a motorist asked to submit to an alcohol test under our implied consent law has a right to an independent test of his own choosing after completing the state's designated test. OCGA § 40-6-392 (a) (3); see *Duckett v. State*, 206 Ga. App. 651 (426 SE2d 271) (1992). For the reasons set out below, however, we find Thomas' claims to be without merit.

Thomas' contentions regarding his cooperation in the breath test attempt and his right to a blood test are not within the scope of his enumerations of error, which assert only that the verdict is against the evidence and "contrary to law and the principles of justice and equity." We therefore are not required to consider these claims. See *Payne v. State*, 219 Ga. App. 318, 319-320 (4) (464 SE2d 884) (1995); cf. OCGA § 5-6-48 (f). We note, however, that there was conflicting testimony regarding the sincerity of Thomas' efforts to perform the breath test. Finding he intentionally failed to supply a sufficient breath sample was therefore within the purview of the factfinder as judge of the witnesses' credibility.

Thomas relies upon *Burson v. Collier*, 226 Ga. 427, 428-429 (1) (a), (2) (175 SE2d 660) (1970), for the proposition that failure to supply a sufficient breath sample may not be considered a refusal. *Burson*, however, is distinguishable. In that case, the accused motorist suffered from emphysema, and the trier of fact did not find he had refused to complete the test. Id. Here, however, the evidence would

support a finding that Thomas intentionally refused to complete the test designated by the state, and therefore had no right to obtain a test of his own choosing. See *Duckett*, supra.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 20, 1997 — RECONSIDERATION DENIED APRIL 3, 1997.
Before Judge McRae.

*Dwayne H. Gillis*, for appellant.

*Rebecca L. Sims, Solicitor, Wendell B. English, Assistant Solicitor*, for appellee.