PETERSON, Judge,
concurring fully and specially.
I concur fully in the majority opinion that I have authored. I write separately to express doubt as to the soundness of the binding precedent that the majority opinion follows.[4]
The Ladow “reasonably could be” standard — binding precedent that commands our obedience — determines the outcome of this case. I question, however, the soundness of that standard. It strikes me as *227 requiring too little of a defendant, because it is not enough to put all reasonable arresting officers on notice that immediate action is required. Taken to its logical conclusion, the Ladow standard means that a defendant could make ambiguous statements, the arresting officer could reasonably conclude that the statements did not express a desire for an additional test (and thus not provide for one), and then a reviewing court could nevertheless conclude that a hypothetical reasonable officer might have arrived at a different, conclusion (and thus exclude from evidence the otherwise admissible state-mandated test results). And indeed, that’s precisely what happened here.
Whether statements “reasonably could be” construed as expressing a desire for an additional test is not, then, an exacting test. In stark contrast, we require unambiguous requests — the higher standard of “reasonably would” — when determining whether a defendant has invoked his or her Sixth Amendment right to counsel by requesting an attorney:
[T]he suspect must unambiguously request counsel. As we have observed, a statement either is such an assertion of the right to counsel or it is not. Although a suspect need not speak with the discrimination of an Oxford don, he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney
Davis v. United States, 512 U.S. 452, 459 (II) (114 S. Ct. 2350, 129 LE2d 362) (1994) (citations and punctuation omitted).
Given that the statutory right to an independent test “is not one of constitutional dimension but a matter of grace bestowed by the Georgia legislature,” Padidham v. State, 291 Ga. 99, 101 (2) (728 SE2d 175) (2012) (citation and punctuation omitted), I question the necessity of protecting it so much more vigorously than the Sixth Amendment right to counsel that sits at the core of our adversarial system of justice. I see nothing in our law that requires this to be the standard.
Ladow cited as authority for the standard our decision in Church v. State, 210 Ga. App. 670, 671 (1) (436 SE2d 809) (1993). See Ladow v. State, 256 Ga. App. 726, 728 n.6 (569 SE2d 572) (2002) (citing Church). But Church contains no language that resembles the Ladow standard; rather, there we affirmed the trial court’s conclusion that the “defendant did not effectively communicate to the officers any desire for an additional test.” Church, 210 Ga. App. at 671 (1). And OCGA § 40-6-392 does not contain any language supporting the *228 Ladow standard. Indeed, the key language of that statute provides that evidence should not be excluded when the failure to obtain a test is “justifiable.” See OCGA § 40-6-392(a)(3). It seems far from clear that an officer’s reasonable, on-the-spot conclusion that a defendant’s statements did not constitute a request is unjustifiable simply because those statements are also open to an alternative interpretation when viewed at much greater length by a reviewing court.
The “reasonably could” standard requires law enforcement to make difficult, judgment calls on the spot, not only about their interpretation of a defendant’s statements, but also about how someone else might interpret those statements differently. The Supreme Court of the United States identified similar concerns in determining that defendants must make clear, unequivocal requests for counsel to invoke their Sixth Amendment right to counsel. See Davis, 512 U.S. at 460-62; see also Green v. State, 291 Ga. 287, 292 (4) (728 SE2d 668) (2012) (discussing Davis and the benefits of clear and easily applicable rules for law enforcement to follow). Requiring an unequivocal request for an independent test would serve the same purpose.
But although I question the soundness of the Ladow standard, my doubts “are not reason enough to revisit it in this case.”[5] Benefield v. Tominich, 308 Ga. App. 605, 613 (708 SE2d 563) (2011) (Blackwell, J., concurring dubitante). As then-Judge Blackwell observed in Bene-field, “the application of the doctrine of stare decisis is essential to the performance of a well-ordered system of jurisprudence,” and “it is the duty of appellate judges to make concessions to stare decisis.” Id. (citation and punctuation omitted). And neither party has asked us to reconsider the Ladow standard (much less briefed the issue), “a consideration of great significance.” Id.
Moreover, reconsidering the Ladow standard would require the participation of all fifteen judges of our Court. See Stephen Louis A. Dillard, Open Chambers: Demystifying the Inner Workings and Culture of the Georgia Court of Appeals, 65 Mercer L. Rev. 831, 853 (2014) (explaining that, by internal court rules, overruling of precedent requires the participation of all 12 (now 15) judges). And, under the circumstances of this case, this convening of our whole court would have had to begin in the last week of the final term in which to dispose of this case under our Constitution’s two-term rule. See Ga. Const, art. VI, § 9, para. 2 (“the Court of Appeals shall dispose of every case at the term for which it is entered on the court’s docket for hearing or at the next term”). Convening an en banc court at any time *229 is “costly to an appellate court in terms of consumption of its always limited resources of judicial time and energy” Benefield, 308 Ga. App. at 613 (Blackwell, J., concurring dubitante) (citations and punctuation omitted). Convening an en banc court in the last week of a term — in the absence of any emergency and without the benefit of briefing from either party — would be doubly costly, and would not afford the judges of this Court sufficient opportunity to reflect at length on the potential consequences of departing from relatively well-established precedent. This case does not warrant such a step.
I am authorized to state that Judge Dillard and Judge Mercier join in this special concurrence.

 I express these doubts in a separate opinion because they are not necessary to the disposition of the case and thus, I think, not appropriate for inclusion in the majority opinion. See, e.g., United States v. Farmer, 627 F.3d 416, 422 (9th Cir. 2010) (Bybee, J., specially concurring) (author of majority opinion also authored concurring opinion expressing concerns about binding case law applied by majority).

 At least, for this Court at this time. But see Supreme Court Rules 38-45 (governing petitions for certiorari).