129 Ga. App. 683 (1973)
200 S.E.2d 916
K. M. S.
v.
STATE OF GEORGIA.
48459.
Court of Appeals of Georgia.
Argued September 4, 1973.
Decided September 14, 1973.
Lipshutz, Macey, Zusmann & Sikes, Winston H. Morriss, Jackson L. Culbreth, for appellant.
Thomas M. Witcher, Solicitor, for appellee.
STOLZ, Judge.
K. M. S., a juvenile, appeals from an order (which is properly certified for immediate review) of the Juvenile Court of DeKalb County denying her motion to dismiss the petition alleging her to be delinquent. The petition in question alleged "that said child is delinquent and is [sic] need of treatment and/or rehabilitation or supervision in the meaning of the law and that said child did on February 1, 1973... commit murder when she unlawfully and with malice aforethought caused the death of Michael Anthony Street, a human being, by stabbing him with a knife." The juvenile in question was 12 years old at the time of the fatal stabbing. Held:
The question presented is whether a juvenile court may adjudicate a child a delinquent based upon a petition alleging that the child committed an act designated a crime under Georgia law, when said child has not yet attained the age of 13 years.
"A person shall not be considered or found guilty of a crime unless he has attained the age of 13 years at the time of the act, omission, or negligence constituting the crime." Code Ann. § 26-701 (Ga. L. 1968, pp. 1249, 1270). "A crime is a violation of a statute of this State in which there shall be a union or joint operation of act, or omission to act, and intention, or criminal negligence." Code Ann. § 26-601 (Ga. L. 1968, pp. 1249, 1269). Murder, of course, is a crime in Georgia. Code Ann. § 26-1101 (Ga. L. 1968, pp. 1249, 1276).
Here, it is contended that, since the juvenile is under age 13, it is *684 impossible for her to have committed the act of murder and that, since the sole delinquent act alleged in the petition was the murder, the juvenile court has no authority to find the child to be a delinquent and in need of treatment and/or rehabilitation or supervision.
The Juvenile Court Code (Ga. L. 1971, p. 709) is intended to be "liberally construed to the end that children whose well-being is threatened shall be assisted and protected and restored, if possible, as secure law abiding members of society, and that each child coming within the jurisdiction of the court shall receive... the care, guidance, and control that will conduce to his welfare and the best interest of the State ..." Code Ann. § 24A-101 (Ga. L. 1971, pp. 709, 710). Among the requisite contents of a petition in the juvenile court is that it set forth plainly "(a) the facts which bring the child within the jurisdiction of the court ..." Code Ann. § 24A-1603 (a) (Ga. L. 1971, pp. 709, 726). It is required as a matter of due process that the child, his parents and/or guardian have notice "sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must `set forth the alleged misconduct with particularity.'" In re Gault, 387 U. S. 1, 33 (87 SC 1428, 18 LE2d 527). See also D. P. v. State, 129 Ga. App. 680, ante. The aforestated allegations of the complaint satisfy the constitutional requirement as to notice. The portion thereof alleging that the child did "commit murder," is a legal conclusion, which in this case is surplusage. It is not the legal conclusion upon which the juvenile court may predicate a finding of this child's delinquency, but the evidence supporting the petition's allegations of fact, that on a certain day, in a certain county, by a certain means, she caused the death of a human being.
The juvenile court is a civil court, not a criminal court, and an adjudication of delinquency is not a conviction of a crime. Code Ann. § 24A-2401 (Ga. L. 1971, pp. 709, 736). The juvenile court cannot find anyone guilty of a crime. However, the juvenile court might well find that any act which is designated a crime under Georgia law is a delinquent act when committed by a juvenile. In order to do this, it is not necessary that the juvenile be "considered or found guilty of a crime." Thus, one under the prescribed age (13 years) is not prosecuted as a criminal, but is dealt with as the law provides for juveniles who violate the law.
Here, the petition alleged the juvenile to be "delinquent in the *685 meaning of law in that [she] did on February 1973..." commit the act heretofore quoted. Code Ann. § 24A-401(f) (Ga. L. 1971, pp. 709, 713) defines a delinquent child as one "who has committed a delinquent act and is in need of treatment or rehabilitation." Code Ann. § 24A-401 (e) (1) defines a delinquent act as one "designated a crime by the laws of Georgia..." Moreover, Code Ann. § 26-701, supra, does not provide that a person under 13 years of age is incapable of performing an act which is designated a crime under the laws of Georgia; it simply raises a defense for such a person because of the social desirability of protecting those no more than 12 years of age from the consequences of criminal guilt. See Committee Notes, Code Ann. Ch. 26-7 (Ga. L. 1968, p. 1249 et. seq.).
The order of the Juvenile Court of DeKalb County was correct and is hereby affirmed.
Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.