A91A1309. GILL v. BOWMAN.
(410 SE2d 780)

McMURRAY, Presiding Judge.

The records of the Georgia Department of Public Safety ("Department") demonstrated that within a five-year period appellant was convicted of driving under the influence of alcohol (DUI) on two occasions in the Recorder's Court of the City of Woodbury and on one occasion in the Superior Court of Meriwether County. Accordingly, the Department declared appellant to be a habitual violator pursuant to OCGA § 40-5-58 and revoked appellant's driver's license.

Appellant challenged the Department's decision, asserting the DUI convictions rendered in the Recorder's Court of the City of Woodbury were void and subject to collateral attack. The Department rebuffed appellant's challenge and he appealed to the superior court.

The superior court determined that the Department properly declared appellant to be a habitual violator. Thereupon, appellant sought, and we granted, a discretionary appeal. *Held*:

Appellant takes the position that the DUI convictions rendered in the Recorder's Court of the City of Woodbury are void because the uniform traffic citation complaint forms were not signed by the judge of the Recorder's Court. In this regard, appellant argues that the uniform traffic citation complaint forms serve as the records of conviction, OCGA § 40-13-1, and that such records have no effect because they were not signed by the judge. See OCGA § 5-6-31. Appellant's argument misses the mark.

Although the uniform traffic citations in the Recorder's Court do not bear the judge's signature, duplicate uniform traffic citation forms were signed by the judge and sent to the Georgia Department of Public Safety. The duplicates were certified by the Department. Thus, the duplicates properly were considered by the Department and the superior court in determining whether appellant was a habitual violator. OCGA § 40-5-2 (f) (1); see *Love v. Hardison,* 166 Ga. App. 677 (2)

(305 SE2d 420). The duplicates demonstrate that appellant was twice convicted of DUI in the Recorder's Court of the City of Woodbury. One conviction was the result of a bond forfeiture; the other conviction was the result of a guilty plea.

Appellant also contends the Recorder's Court convictions cannot be used in determining whether he is a habitual violator because they do not show affirmatively that he waived his right to counsel and trial by jury. We cannot consider this contention because it constitutes a collateral attack upon appellant's habitual violator status. Such an attack cannot be made unless a conviction is void on its face. *Earp v. Fletcher*, 183 Ga. App. 593 (359 SE2d 456); *Love v. Hardison*, 166 Ga. App. 677 (1), supra. The constitutional infirmities raised by appellant would not show that the DUI convictions rendered in the Recorder's Court of the City of Woodbury are void on their face. *Love v. Hardison*, 166 Ga. App. 677 (1), supra.

Even if appellant can collaterally attack the recorder's court convictions, he cannot do so on the ground that they fail to show affirmatively a waiver of a jury trial. Inasmuch as appellant failed to object to being tried without a jury, his right to a jury trial was waived. *Nicholson v. State*, 261 Ga. 197, 200 (6) (403 SE2d 42); *Kolker v. State*, 200 Ga. App. 72 (406 SE2d 514).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 9, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991 —

*Virgil L. Brown & Associates, Bentley C. Adams, Anne C. Allen*, for appellant.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, C. Latain Kell, Neal B. Childers, Assistant Attorneys General*, for appellee.

