A92A0200. DUNCAN v. THE STATE.
(421 SE2d 336)

ANDREWS, Judge.

Duncan was tried and convicted of operating a motor vehicle after having been declared an habitual violator and of driving under the influence of alcohol and appeals.

1. In his first enumeration, Duncan claims that the trial court erred in permitting Johnny Hull to testify since the State mistakenly identified him as "Johnny Hill" in response to Duncan's request for a witness list pursuant to OCGA § 17-7-110.

This enumeration is without merit. Hull, whose address had also been provided to Duncan, had been subpoenaed previously to Duncan's divorce trial. "The record here shows that the witness was identified sufficiently for counsel to have had an opportunity to interview [him] prior to trial. Furthermore, 'remedies available for defendant are a continuance or a mistrial,' [cits.] neither of which was sought here. The trial judge did not abuse his discretion in permitting the witness to testify and in allowing [Hull's] testimony to remain in the record." *Moody v. State*, 258 Ga. 818, 821 (4) (375 SE2d 30)

(1989); see also *Gardner v. State*, 172 Ga. App. 677 (6) (324 SE2d 535) (1984).

2. In his second enumeration of error, Duncan claims that there was insufficient evidence to support his conviction for driving under the influence pursuant to OCGA § 40-6-391 (a) (1). Although Duncan's argument in this regard is unclear, he apparently argues that because there was no testimony regarding his unsafe driving, the conviction cannot stand. It also appears that he argues that the evidence was insufficient to convict because one of the investigating officers did not observe Duncan driving. This enumeration is without merit.

Two witnesses, one of whom was a police officer, testified that they saw Duncan driving. See generally *Melendy v. State*, 202 Ga. App. 638 (1) (415 SE2d 62) (1992). That there was no testimony concerning Duncan's unsafe driving is immaterial to establishing a violation of OCGA § 40-6-391 (a) (1). " 'There is no requirement that the person actually commit an unsafe act. (Cits.)' [Cit.]" *State v. Smith*, 196 Ga. App. 876, 877 (397 SE2d 304) (1990); *Moss v. State*, 194 Ga. App. 181 (390 SE2d 268) (1990).

There was evidence that Duncan was observed drinking a beer while driving and that empty beer cans were found in the vehicle. There was also evidence that Duncan ran from the car into his home and locked himself up; that he refused to submit to any chemical tests of his bodily fluids; that he smelled of alcohol and his face was flushed; that his eyes were bloodshot and watery; that his speech was slurred and sometimes incomprehensible; that he was screaming and shouting when he got out of the vehicle; that he appeared confused and belligerent; and, that he was unsteady when walking. There was also testimony that Duncan appeared intoxicated to the extent that it was unsafe for him to operate his vehicle. A rational trier of fact could reasonably have found him guilty beyond a reasonable doubt of driving under the influence of alcohol to the extent that it was less safe for him to drive. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Merrell v. State*, 192 Ga. App. 100 (1) (383 SE2d 905) (1989).

3. In his third enumeration of error, Duncan contends that there was insufficient evidence to support his conviction for operating a vehicle after having been declared an habitual violator in that the state failed to prove that Duncan received appropriate notice in compliance with OCGA § 40-5-58 (b). He argues that the signature of receipt is not his and that the address was improper. This enumeration is without merit for several reasons, the most obvious of which is that Duncan admitted at trial that he received the notice. See also *Johnson v. State*, 194 Ga. App. 501 (2) (391 SE2d 132) (1990).

4. Apart from changing the number of the indictment count,

Duncan's fourth enumeration of error is identical to enumeration 3 and appears to be unsupported by argument. This enumeration is deemed abandoned. See Court of Appeals Rule 15 (c) (2).

5. In his fifth enumeration of error, Duncan claims that the trial court erred in refusing to allow into evidence a certified copy of a document labeled "judgment" in a previous habeas corpus action. The November 3, 1986 judgment which Duncan sought to introduce concerned one of the three offenses on which a previous habitual offender status was based. The court determined that Duncan's conviction for that offense was invalid. The judgment then indicates that the determination that Duncan was an habitual violator was made in July 1984. Duncan relies here on ambiguous language in the judgment which ordered that the Commissioner of Public Safety return Duncan's license to him.

Despite the confusing nature of the document, we find no error in the exclusion of the evidence. First, although the judgment refers to a July 1984 determination, included in the record before us is a document dated November 6, 1985 determining that Duncan was an habitual offender. The record also contains a subsequent denial of his petition for habeas corpus and an order from April 18, 1988 terminating his sentence for the June 25, 1986 conviction of operating a vehicle after being declared an habitual violator.

Former OCGA § 40-5-58 (c) provided: "Except as provided in subsection (e) of this Code section, it shall be unlawful for any person to operate any motor vehicle in this state after such person has received notice that his driver's license has been revoked as provided in subsection (b) of this Code section, if such person has not thereafter obtained a valid driver's license." "[O]ne who has had his Georgia drivers' license revoked by the Department of Public Safety can legally thereafter operate a vehicle in Georgia only if the Department reauthorizes him to do so after the expiration of the applicable period of time prescribed in this chapter. . . . Thus, one who has been properly notified that he has been declared an habitual violator by this State can thereafter lose that status and drive in Georgia only after the passage of five years and, pursuant to his application, the Department of Public Safety has determined that it will be safe to grant him the privilege of driving a motor vehicle on the public highways." (Punctuation omitted.) *Goblet v. State*, 174 Ga. App. 675, 676 (331 SE2d 56) (1985); see also *Kimbrell v. State*, 164 Ga. App. 344, 346 (1) (296 SE2d 206) (1982).

There is no evidence to indicate that Duncan's license was restored; the only evidence in the record establishes his status as an habitual offender. Accordingly, the exclusion of the document here did not constitute harmful error. See also *State v. Bell*, 182 Ga. App. 860 (357 SE2d 596) (1987).

6. In his sixth and seventh enumerations, Duncan contends that the trial court erred in informing him in front of the jury that only the Department of Public Safety, and not a superior court judge, could reinstate his license. Duncan claims that the trial court's statements were argumentative. After a careful review of the record, we find these enumerations without merit.

7. In enumerations eight and nine Duncan claims that the court erred in failing to give two of his requested charges to the jury. Regarding enumeration eight, we find no error in the trial court's failure to instruct the jury according to Duncan's request. The trial court charged the jury appropriately on the offense of driving under the influence of alcohol; its charge was based on OCGA § 40-6-391 and on the Suggested Pattern Jury Instructions and was adequate. See generally *Phillips v. State*, 185 Ga. App. 54 (2) (363 SE2d 283) (1987).

We can locate no argument or citation of authority with respect to Duncan's ninth enumeration of error and it is deemed abandoned. See Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JULY 13, 1992 —
RECONSIDERATION DENIED JULY 27, 1992 — 

*John L. Watson, Jr.*, for appellant.

*Robert E. Keller, District Attorney, Gregory K. Hecht, Assistant District Attorney*, for appellee.