A92A1057. COONEY v. THE STATE.
(422 SE2d 286)

SOGNIER, Chief Judge.

Sandra Cooney was charged with DUI by violating OCGA § 40-6-391 (a) (2) and convicted in a bench trial of reckless driving under OCGA § 40-6-390 (a). She appeals.

The evidence adduced at trial showed that at approximately 6:00 p.m. on January 27, 1991, off-duty state trooper Woodrow Glisson observed a car driven by appellant drift from the right lane into the emergency lane on Interstate 16 several times. Glisson testified that appellant "wasn't traveling very fast." He stopped appellant, who informed him that she had a headache and had taken one tablet of Fiorinal with codeine #3 prescribed by her physician. Trooper Matt Gaskin testified that no field sobriety tests were conducted.

Appellant testified that before leaving Statesboro to return to her home in Savannah she felt that she was getting a migraine headache. She had experienced migraine headaches for many years, and hoped to get home so she could lie down in a darkened room, which was the only way to relieve the migraine. She took one Fiorinal tablet, as she had done many times before. Her doctor had not told her she should not drive when she took the medication. The prescription bottle had a label cautioning the user to "[u]se care . . . when operating a vehicle," and appellant testified that she believed she was doing so by driving between 40 and 45 miles per hour in the right lane. Appellant opined that if her driving was affected, any impairment had been caused by the migraine, and not by the medication, because she had taken the medication before and she could "take one and go to [her] job."

The trial judge found that the State had not carried its burden of proving the charged offense of driving while under the influence of drugs. He found, however, that reckless driving was a lesser included offense of DUI, and that the evidence showed that appellant was guilty of that offense. Appellant contends the trial court erred by finding that reckless driving is a lesser included offense of DUI. We

agree and reverse.

This case is controlled by our holding in *Whiteley v. State*, 188 Ga. App. 129, 132-133 (5) (372 SE2d 296) (1988) that "[s]ince reckless conduct requires harm or danger to 'another person,' an element not required by OCGA § 40-6-391 to be alleged and proven, it is not a lesser included offense [of DUI] as a matter of law. [Cits.] It also was not a lesser included crime as a matter of fact, because the accusation includes no allegation of harm or danger to another person and there was no proof of such at trial." Although in *Whiteley* the accused was charged with violating OCGA § 40-6-391 (a) (1), we hold that the rationale in *Whiteley* applies equally to a charge of violation of OCGA § 40-6-391 (a) (2). Accordingly, the trial court erred by adjudicating appellant guilty of reckless conduct.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Jack E. Carney, Jr.*, for appellant.
*A. G. Wells, Jr., Solicitor*, for appellee.