## A93A0045. THE STATE v. TWEEDELL.
### (432 SE2d 619)

JOHNSON, Judge.

John Allen Tweedell was charged by accusation with driving under the influence of alcohol to the extent it was less safe for him to drive. The trial court, sitting without a jury, found Tweedell guilty not of the crime charged in the accusation but of the offense of public drunkenness. The State appeals, contending that the court's judgment is void because public drunkenness is not a lesser included offense of driving under the influence of alcohol.[1]

OCGA § 16-1-6 provides two alternative tests for determining whether one crime is included in another as a matter of fact or as a matter of law. *Shuler v. State*, 195 Ga. App. 849 (1) (395 SE2d 26) (1990); *Weaver v. State*, 176 Ga. App. 639, 640-641 (3) (337 SE2d 420) (1985). A crime is included in another as a matter of fact when it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; a crime is included in another as a matter of law when it differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission. OCGA § 16-1-6.

Public drunkenness requires proof that a person is and appears to be in an intoxicated condition, which is manifested by boisterousness, indecent condition or act, or by vulgar, profane, loud or unbecoming language. OCGA § 16-11-41 (a). The offense of driving under the influence of alcohol to the extent it is less safe to drive does not require that any of these facts be alleged and proved. OCGA § 40-6-391 (a) (1). Furthermore, the accusation in the instant case does not allege that Tweedell appeared to be in an intoxicated condition, made manifest by boisterousness, indecent condition or act, or by vulgar, profane, loud or unbecoming language. Public drunkenness therefore is not, as a matter of fact or law, a lesser included offense of driving under the influence of alcohol to the extent it is less safe to drive. See generally *Cooney v. State*, 205 Ga. App. 385, 386 (422 SE2d 286) (1992); *Whiteley v. State*, 188 Ga. App. 129, 132-133 (5) (372 SE2d 296) (1988).

"We acknowledge that one crime may be changed into another by adding or subtracting elements which distinguish them. However, where the defendant is charged by a narrowly drawn [accusation] with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative,

---

[1] "Notwithstanding the provisions of OCGA § 5-7-1, the State may appeal directly an illegal judgment. [Cits.]" *State v. Bilal*, 192 Ga. App. 185 (384 SE2d 253) (1989).

separate offense. Criminal [accusations] are not deemed amendable to conform to the evidence." (Citations and punctuation omitted.) *Bowers v. State*, 177 Ga. App. 36, 37 (1) (338 SE2d 457) (1985). Tweedell was charged by a narrowly drawn accusation with the specific crime of driving under the influence of alcohol to the extent it was less safe for him to drive. The judge did not have the power to interpret the facts presented at trial to support the separate offense of public drunkenness. " 'One can not be tried and convicted of an offense different from that for which he is prosecuted or called upon to answer.' [Cit.]" *Dickson v. State*, 167 Ga. App. 685, 687 (2) (307 SE2d 267) (1983). The trial court's judgment that Tweedell was guilty of public drunkenness is void.

We note that Tweedell has filed no brief and the record does not contain either a transcript of the trial or a stipulation of the facts. Consequently, we cannot determine from the record whether the trial court's void judgment amounted to an implied acquittal of the DUI offense charged, thereby creating a double jeopardy bar against a retrial on that charge. See *Rowe v. State*, 181 Ga. App. 492 (2) (352 SE2d 813) (1987). We are therefore limited to holding that the judgment of the trial court is void and must be reversed.

*Judgment reversed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 10, 1993.

*Keith C. Martin, Solicitor, Leigh A. Moore, Assistant Solicitor,* for appellant.

John A. Tweedell, *pro se.*