A93A1786. McFARLAND v. THE STATE.
(436 SE2d 541)

McMURRAY, Presiding Judge.

Defendant McFarland appeals his conviction of the offenses of driving under the influence and of habitual violator. *Held:*

1. Defendant contends the trial court erred in admitting into evidence a photocopy of two return receipts for certified mail. The only issue both preserved by objection at trial and argued on appeal in support of this enumeration of error maintains that the admission of this evidence was a violation of the best evidence rule. However, pursuant to OCGA § 40-5-2 (f) (1), since this exhibit was a certified copy of a record of the Georgia Department of Public Safety and there was no challenge to the certification, the "best evidence" objection has no merit. *Henson v. State*, 168 Ga. App. 210, 213 (3) (308 SE2d 555). See also *Gill v. Bowman*, 201 Ga. App. 308 (410 SE2d 780); *Arnold v. State*, 189 Ga. App. 900, 901 (1) (377 SE2d 918); *Smith v. State*, 187 Ga. App. 322 (1) (370 SE2d 185).

2. The three remaining enumerations of error question the sufficiency of the evidence to authorize defendant's conviction. The evidence viewed in the light most favorable to upholding the jury's verdict shows that a vehicle driven by defendant was stopped after police received a citizen's report that the driver was intoxicated. See *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314). When defendant got

out of the car, he smelled of alcohol, his face was red and flushed, his speech was slurred, and he staggered and braced himself against the car. Several empty and full beer cans were found in the car. After defendant failed a number of field sobriety tests, defendant was arrested and asked to take a breath test to determine the alcohol content of his blood. Defendant was given the implied consent warning, but refused to take the breath test and demanded a blood test. Defendant was driven to a hospital in order that a blood sample could be taken for testing. However, upon arrival at the hospital, defendant became belligerent to an extent such that the officers did not believe that it was safe to remove the handcuffs from defendant, as was necessary in order to draw blood for a test, so no blood test was done. Based on his experience and defendant's appearance, the arresting officer opined that defendant was under the influence of alcohol to an extent that he was a less safe driver. This evidence was sufficient to authorize defendant's conviction beyond a reasonable doubt of driving under the influence. *Veal v. State*, 205 Ga. App. 564 (422 SE2d 920); *Duncan v. State*, 205 Ga. App. 181, 182 (2) (421 SE2d 336); *Shults v. State*, 195 Ga. App. 525, 528 (4) (394 SE2d 573).

In regard to the habitual violator charge, we note that upon first being stopped, defendant stated to the officers that he was a "HV" or habitual violator. The State also showed proper notice to defendant of his habitual violator status, in that the custodian of the records of the Georgia Department of Public Safety testified that the records of that department showed service to defendant by certified mail of notice of the declaration of his habitual violator status and certified copies of these records were introduced into evidence. The evidence was sufficient to authorize defendant's conviction of the habitual violator offense. OCGA § 40-5-58 (b); *Luke v. State*, 177 Ga. App. 518, 519 (1) (340 SE2d 30).

The evidence, considered in the light most favorable to the judgment of the trial court, was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of the offenses of which he was convicted. There was no error in the trial court's denial of defendant's motion for directed verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Veal v. State*, 205 Ga. App. 564, supra; *Luke v. State*, 177 Ga. App. 518, 519 (1), supra.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 30, 1993.

*Jason R. Hasty*, for appellant.
*Garry T. Moss, District Attorney, Cecelia V. Moutoux, Assistant*

*District Attorney*, for appellee.