A94A2122. LEWIS v. THE STATE.
(449 SE2d 535)

BIRDSONG, Presiding Judge.

Matthew J. Lewis appeals his conviction of driving under the influence of alcohol (Count 1), driving with an open container (Count 2), driving with an expired license (Count 3), and driving with no insurance (Count 4). He pled guilty to Counts 2 and 3 and was convicted on a jury verdict of Counts 1 and 4. *Held*:

1. The trial court did not err in denying appellant's motion for directed verdict; the evidence was legally sufficient to support appellant's conviction of driving under the influence of alcohol (Count 1). Appellant's first and second enumerations of error are without merit.

"OCGA § 40-6-391 (a) (1) makes it unlawful for a person to 'drive or be in actual physical control of any moving vehicle while: Under the influence of alcohol to the extent that it is less safe for the person to drive. . . .' There is no requirement that the person actually commit an unsafe act." *Moss v. State*, 194 Ga. App. 181, 182 (390 SE2d 268). "Public drunkenness requires proof that a person is and appears to be in an intoxicated condition, which is manifested by boisterousness, indecent condition or act, or by vulgar, profane, loud or unbecoming language"; "[t]he offense of driving under the influence of alcohol to the extent it is less safe to drive does *not* require that any of these facts be alleged and proved." (Emphasis supplied.) *State v. Tweedell*, 209 Ga. App. 13 (432 SE2d 619). Moreover, driving a motor vehicle while under the influence of alcohol may be established by circumstantial evidence. *Schoicket v. State*, 211 Ga. App. 636, 637 (2) (440 SE2d 65).

The police were investigating a male juvenile on a bicycle who was loitering at a Big H store; the store had been closed for some time and there were no lights on. While the investigation was continuing, appellant pulled up to the store's gas pump in his Maverick automobile. The arresting officer approached and asked appellant what he was doing there; appellant replied that he wanted to get gasoline. While asking to see appellant's license and proof of insurance card, the officer noticed an open container of Keystone beer sitting beside appellant. Appellant had a strong odor of alcoholic beverage upon his breath and body. Appellant was asked to get out of the vehicle. Both appellant's driver's license and insurance card had expired. Appellant was given an alphabet field sobriety test; he started to recite the alphabet but "around the letter 'M' he started losing his place, started transposing in the middle of the letters." Appellant took the alphabet test twice; he could not complete it successfully. When asked to take a "heel to toe test," appellant became kind of defiant and refused to cooperate. At that point, appellant appeared to become frustrated and "just leaned back against his car" and would not do anything else. Appellant was then placed under arrest for DUI. Prior to his arrest appellant exhibited the following additional manifestations of being under the influence of alcohol: watery eyes, paleness of face, and slurred speech. Two unopened cans of Keystone beer subsequently were found in the car in addition to the one open can. At the county jail, appellant refused to submit to intoximeter testing after being given a second implied consent warning. At trial the arresting officer opined, based on the evidence of appellant's manifestations of

alcohol, his performance and nonperformance of certain field sobriety evaluations, and his refusal to submit to intoximeter breath testing, that appellant was a less safe driver. The arresting officer, who had approximately ten years service, had received training at the police academy regarding sobriety testing and had received training based on the National Highway Traffic Safety Administration Manual. The officer also testified he found it strange that appellant would pull up to the gas pump of a closed store that was "pretty dark."

A police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether appellant was under the influence to the extent it made him less safe to drive. *Church v. State*, 210 Ga. App. 670 (436 SE2d 809); *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737); *Chance v. State*, 193 Ga. App. 242 (387 SE2d 437); compare *McFarland v. State*, 210 Ga. App. 426 (436 SE2d 541). Whether a police officer qualifies as an expert for such purposes rests in the discretion of the trial court. See *Smith v. State*, 210 Ga. App. 451, 452 (3) (436 SE2d 562). On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, supra. Further, when as in this case, sufficiency of the evidence also is challenged by a motion for directed verdict, the proper appellate test is that of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of driving under the influence of alcohol (Count 1). Id.

2. The trial court sustained the State's objection to the following two questions posed by appellant's counsel during cross-examination of the arresting officer: Whether probable cause is a far cry from proof beyond a reasonable doubt and "it is your understanding, is it not, that the facts necessary to establish probable cause are much less than the facts necessary to convict a person beyond a reasonable doubt?" The trial court did not err in its rulings. The trial court exercises discretion in determining the scope of a defendant's thorough and sifting cross-examination. See *Jackson v. State*, 157 Ga. App. 604, 605 (3) (278 SE2d 5). The record does not support a finding that the trial court abused its discretion in sustaining the State's objections. In substance the questions posed called upon the law enforcement officer to inform the jury of his personal belief as the standard of proof required to sustain a criminal conviction of appellant. It is the duty of the trial court to instruct the jury as to the applicable law and the duty of the jury to take the law from the trial court's instructions and to apply it to the facts which they determine from the evidence adduced at trial. *State v. Freeman*, 264 Ga. 276, 277 (444 SE2d

80). A trial court does not abuse its discretion when it prevents a law enforcement officer from expressing his opinion as to the standard of proof required to sustain a criminal conviction of the accused.

We also note appellant argued to the jury that the facts necessary to sustain an arrest based on probable cause were "nowhere near proof beyond a reasonable doubt" necessary for criminal conviction, and he was afforded great latitude in presenting his version of the reasonable doubt concept and informing the jury of their duty to acquit appellant if they had a reasonable doubt in their minds as to appellant's guilt.

3. Appellant's contention that the trial court erred in refusing to instruct the jury on the difference between the evidence necessary for probable cause to make an arrest and that required for conviction is without merit.

Examining the charges in their totality (*Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177)), we conclude the trial court fully and accurately charged the jury as to the presumption of innocence, the State's burden of proof beyond a reasonable doubt, the legal definition of reasonable doubt, and that if the State fails to prove the defendant's guilt beyond a reasonable doubt it would be the jury's duty to acquit the defendant. A trial court does not err in failing to give other charges in the exact language requested where the court's charge in its totality substantially and adequately covers the fundamental legal principles contained in these requests. See *Harrison v. State*, 257 Ga. 528, 531 (4) (361 SE2d 149).

Moreover, appellant did not contend at trial that there was a lack of probable cause for appellant's arrest. A fair risk therefore would exist that a charge which merely distinguished "between the evidence necessary for probable cause to make an arrest, and the evidence required for conviction" would confuse the jury. A trial court does not err when it refuses to give a confusing or misleading instruction. *Jones v. State*, 200 Ga. App. 519, 521 (2c) (408 SE2d 823).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED OCTOBER 14, 1994.

*Robert W. Chestney*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Jeff P. Kwiatkowski, Assistant Solicitors*, for appellee.