*Arnall, Golden & Gregory, Karen B. Bragman, Henry M. Perlowski,* for Robbins.

S95G1908. In re W. S. S.
(470 SE2d 429)

Carley, Justice.

A delinquency petition was filed, alleging that W. S. S. "did an immoral and indecent act to (and in the presence of) [the victim], a child under the age of 14 years, attempt anal sodomy. OCGA § 16-6-4." At the conclusion of the hearing on the petition, the juvenile court stated that the law does not require "a finding that [W. S. S.] had the sexual intent or knowledge of an adult" and that "the evidence has shown in this case that he had the requisite intent. . . ." W. S. S. appealed from the order adjudging him to be delinquent and, in an unreported opinion, the Court of Appeals affirmed. *In the Interest of W. S. S.,* 217 Ga. App. XXX (1995). We granted certiorari to determine whether it was necessary to prove that W. S. S. had the intent or knowledge required to convict an adult and, if so, whether the evidence was sufficient to establish that intent or knowledge in this case.

The crime of aggravated child molestation is committed when a person performs an act of sodomy with a child under the age of 14 and does so "with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Likewise, the attempt to commit an act of aggravated child molestation is a crime. OCGA § 16-4-1. However, at the time of the alleged conduct, W. S. S. was 11 years old. Therefore, he was not charged with the crime of attempted aggravated child molestation because, being under 13 years of age, he could not be considered or found guilty of any crime. OCGA § 16-3-1. Compare *Waugh v. State,* 263 Ga. 692, 693 (2) (437 SE2d 297) (1993).

W. S. S. was charged with the delinquent act of attempted aggravated child molestation. In relevant part, OCGA § 15-11-2 (6) (A) defines a "delinquent act" as "[a]n act designated a crime by the laws of this state. . . ." Thus, in order to find that W. S. S. committed the delinquent act with which he was charged, the juvenile court was not required to find him guilty of the crime of attempted aggravated child molestation. *K. M. S. v. State of Ga.,* 129 Ga. App. 683, 684 (200 SE2d 916) (1973). All that was necessary was that the juvenile court find from the evidence that W. S. S. had attempted an act of aggravated child molestation as defined by OCGA § 16-6-4.

At no point in the hearing did the juvenile court intimate that, contrary to OCGA § 16-6-4, it was authorized to adjudge W. S. S. to

be delinquent without finding that he had the *intent* to arouse or satisfy the sexual desires of either the victim or himself. Rather, the juvenile court merely indicated that it was not required to find that W. S. S. "had the sexual intent or knowledge of an *adult*." (Emphasis supplied.) Whether W. S. S. had the sexual desires of an adult would be irrelevant, as all that OCGA § 16-6-4 requires is proof of an intent to arouse or satisfy the sexual desires of either the child or the perpetrator. Thus, the focus is upon the sexual desires of the child or the perpetrator and not upon the sexual desires of some fictional child or adult. Accordingly, in order to show that W. S. S. was delinquent, all that needed to be shown was that he attempted to commit an act of sodomy with the intent to satisfy his own sexual desires.

It is immaterial that there may have been evidence that W. S. S. attempted the act of sodomy upon the victim without the intent to satisfy his sexual desires. The relevant inquiry is whether there was sufficient evidence that W. S. S. did attempt that act with the requisite intent. Intent is a question of fact to be determined from the words, conduct, demeanor, motive, and all other circumstances connected with the act of alleged delinquency. *In re J. B.*, 183 Ga. App. 229, 230 (6) (358 SE2d 620) (1987). On appeal, the evidence must be construed with every inference and presumption in favor of the juvenile court's findings. *In the Interest of M. J. F.*, 191 Ga. App. 792 (1) (383 SE2d 173) (1989). Applying that construction of the evidence here, W. S. S.'s intent could be inferred from the repetition of the acts related by the victim and the secrecy with which those acts had been performed. *Edmonson v. State*, 219 Ga. App. 323, 324 (4) (464 SE2d 839) (1995); *Branam v. State*, 204 Ga. App. 205 (1) (419 SE2d 86) (1992); *Grant v. State*, 193 Ga. App. 178 (387 SE2d 408) (1989); *In re J. B.*, supra at 230 (6). It follows that the Court of Appeals correctly affirmed the order of the juvenile court adjudging W. S. S. to be delinquent.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 20, 1996.

*H. Bradford Morris, Jr.*, for appellant.
*Lydia J. Sartain, District Attorney, Tracy W. Loggins, Assistant District Attorney*, for appellee.