## A97A0222. APPERSON v. THE STATE.
(484 SE2d 739)

McMurray, Presiding Judge.

Defendant Apperson appeals his conviction of the offenses of driving under the influence and speeding. *Held*:

1. Prior to trial, the State served notice of its intent to introduce similar transaction evidence at trial. After the jury was sworn, the trial court addressed the issue of the State's notice of intent to introduce similar transaction evidence, and after a brief colloquy during which the prosecutor stated the substance of the testimony which he expected the similar transaction witness to give, the trial court ruled that the similar transaction testimony would be admitted.

The similar transaction witness was the last presented by the State and testified as to a prior occurrence during which he stopped defendant after being informed by a police dispatcher that defendant's vehicle had run over a curb while leaving a store parking lot. The similar transaction witness testified as to asking defendant to perform a field sobriety test and his refusal to do so, but was not permitted to answer a question before the jury concerning whether he smelled any odor about defendant. Outside the presence of the jury, the witness testified as to a strong odor of alcohol about defendant and that his speech was slurred. Perhaps based in part on challenges to the authority of the similar transaction witness to make the stop of defendant, the trial court determined that a sufficient proffer had not been made to permit admission of the similar transaction evidence. Upon the return of the jury, the jurors were instructed that the trial court had ruled out the similar transaction evidence, that they were to draw no inferences of any kind from the matter taken up in that regard, and that they were to disregard and not consider it in any way.

Defendant's first three enumerations of error are concerned with the attempt to introduce similar transaction evidence. These contentions raise issues as to a failure to hold an appropriate hearing pursuant to Uniform Superior Court Rule 31.3, and the admission of hearsay and other inappropriate similar transaction evidence. Nonetheless, the trial court's eventual ruling sustained defendant's objections and excluded the proffered similar transaction evidence including striking that testimony which had been presented before the jury. There was no further objection or other request for action following this ruling and the curative instructions. Under these circumstances there is nothing preserved for appellate review. *McCoy v. State*, 194 Ga. App. 244, 245 (4) (390 SE2d 251); *Hall v. State*, 180 Ga. App. 881, 882 (3), 883 (350 SE2d 801).

2. Defendant's remaining enumeration of error challenges the sufficiency of the evidence to authorize his conviction for driving

under the influence. " 'OCGA § 40-6-391 (a) (1) makes it unlawful for a person to "drive or be in actual physical control of any moving vehicle while: Under the influence of alcohol to the extent that it is less safe for the person to drive. . . ." There is no requirement that the person actually commit an unsafe act.' *Moss v. State*, 194 Ga. App. 181, 182 (390 SE2d 268). 'Public drunkenness requires proof that a person is and appears to be in an intoxicated condition, which is manifested by boisterousness, indecent condition or act, or by vulgar, profane, loud or unbecoming language'; '(t)he offense of driving under the influence of alcohol to the extent it is less safe to drive does *not* require that any of these facts be alleged and proved.' (Emphasis supplied.) *State v. Tweedell*, 209 Ga. App. 13 (432 SE2d 619). Moreover, driving a motor vehicle while under the influence of alcohol may be established by circumstantial evidence. *Schoicket v. State*, 211 Ga. App. 636, 637 (2) (440 SE2d 65)." *Lewis v. State*, 214 Ga. App. 830, 831 (1) (449 SE2d 535).

On the evening in question, defendant was first followed by a Polk County deputy sheriff for a distance of six to ten miles. The deputy's attention was drawn to defendant's vehicle by its high rate of speed. In following the vehicle the deputy noted an erratic pattern in which the vehicle was being driven, at times speeding up to 70 or 75 mph and at other times slowing to 40 or 45, and also that it was weaving from one side of its lane to the other. When the deputy first noticed defendant's vehicle, they were in Floyd County and his intention was to wait until they entered Polk County before stopping the defendant's car. But a dispatch call required that he abandon this intention in order to respond to a higher priority situation. The deputy radioed his dispatcher telling him that he was behind a possibly intoxicated driver along with a description of the car and tag number.

A state trooper received the information concerning the possibly intoxicated driver and soon spotted and followed defendant's vehicle. Defendant accelerated to a speed of 73 mph in a 45-mph speed limit zone with the state trooper approximately one car length behind him. As he followed defendant, the trooper observed defendant cross over into the center turn lane of the roadway for no apparent reason. The trooper then turned on his blue light to stop defendant, but defendant continued on for some distance past a number of reasonable opportunities to pull over before finally stopping.

Defendant denied that he had been drinking, but the trooper smelled a strong odor of alcoholic beverage about his breath. The trooper requested but defendant refused to perform an alco-sensor field sobriety test.

The trooper concluded that defendant was a less safe driver due to alcohol consumption based on the information which had been provided him by radio, his observation of defendant's excessive speed

and the driving into the center lane for no apparent reason, the strong odor of alcoholic beverage, the lack of desire to take the alco-sensor breath test, and his other observations of defendant's driving methods. The state trooper, who testified to being an investigating officer in over 300 driving under the influence cases over the span of 17 years service, was authorized to give his opinion as to defendant's state of sobriety and as to whether he was a less safe driver. *Lewis v. State*, 214 Ga. App. 830, 831 (1), 832, supra.

Defendant was placed under arrest for driving under the influence. After his arrest defendant continued to refuse to submit to any State-administered test for the purpose of determining if he was under the influence of alcohol or drugs. Later, after being transported to jail, defendant volunteered that he actually had been drinking that night and the reason he did not take the blood test is he knew that he could beat the case in court without a blood test and that the reason he did not initially stop was that he was drinking shaving lotion to mask the alcoholic beverage that he would have about his breath.

Review of the transcript reveals ample evidence from which a rational trier of fact could have found defendant guilty beyond a reasonable doubt of the offense of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Lewis v. State*, 214 Ga. App. 830, 831 (1), 832, supra.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 17, 1997 —
RECONSIDERATION DENIED MARCH 31, 1997 — 

*Pierce Winningham III*, for appellant.
*James R. Osborne, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.