A97A0323. TANNER v. THE STATE.
(484 SE2d 766)

MCMURRAY, Presiding Judge.

After a bench trial, defendant was convicted of driving under the influence of alcohol to an extent that it was less safe for him to drive in violation of OCGA § 40-6-391 (a) (1). This appeal followed the denial of defendant's motion for new trial. *Held*:

Defendant challenges the sufficiency of the evidence in his sole enumeration of error, arguing that the arresting officer's opinion that defendant was less safe to drive is insufficient to authorize his conviction for violating OCGA § 40-6-391 (a) (1). This argument is without merit.

"A police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether appellant was under the influence to the extent it made him less safe to drive. *Church v. State*, 210 Ga. App. 670 (436 SE2d 809); *Grant v. State*, 195 Ga. App. 463, 464

(1) (393 SE2d 737); *Chance v. State*, 193 Ga. App. 242 (387 SE2d 437); compare *McFarland v. State*, 210 Ga. App. 426 (436 SE2d 541). Whether a police officer qualifies as an expert for such purposes rests in the discretion of the trial court. See *Smith v. State*, 210 Ga. App. 451, 452 (3) (436 SE2d 562). On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, supra." *Lewis v. State*, 214 Ga. App. 830, 831 (1), 832 (449 SE2d 535). Review of the trial transcript in the case sub judice reveals that the arresting officer stopped defendant's car at a police traffic roadblock at 2:30 in the morning on July 18, 1994; that defendant's car smelled like alcohol at the time; that defendant's eyes were "bloodshot and slightly watery"; that defendant failed several field sobriety tests administered by the arresting officer and that defendant admitted to consuming "two beers" before driving his car. This evidence is sufficient to authorize the trial court's finding that defendant is guilty, beyond a reasonable doubt, of driving under the influence of alcohol to an extent that it was less safe for him to drive. OCGA § 40-6-391 (a) (1); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 25, 1997.

*Brownlow & Schaefer, Ira B. Brownlow, Jr.*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Laura E. LeDuc, Assistant Solicitors*, for appellee.