## A99A2398. HARDING v. THE STATE.
### (530 SE2d 514)

SMITH, Judge.

Sherrie G. Harding was convicted by a Putnam County jury of DUI by being in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for her to do so, OCGA § 40-6-391 (a) (1), and failure to maintain lane, OCGA § 40-6-48.[1] Harding's motion for new trial was denied, and she appeals. Finding no error, we affirm.

In her three enumerations of error, Harding challenges the sufficiency of the evidence to support her conviction for DUI. Construed in favor of the jury's verdict, the evidence shows that a Putnam County sheriff's deputy was driving home for dinner about 6:30 in the evening when he noticed a green Dodge Intrepid driving in his lane, coming directly toward him. The Dodge Intrepid continued traveling in the deputy's lane, forcing him to "leave the roadway to keep from hitting it head on." The deputy immediately turned his patrol car around, but as soon as he did so, the car "sped off." He pursued the car; the driver did not stop but continued to flee and was "pulling away" from him. After some pursuit, the deputy came around a curve and discovered the green Dodge Intrepid upside down in a ditch.

As the deputy approached, Harding was crawling out of the car, and it was obvious to him that she was "delirious." As soon as he got close to her, he could smell alcohol on her. She immediately and repeatedly asked him to call her father and told him she did not want an ambulance. The deputy testified that he had made numerous DUI arrests and recognized the smell of alcoholic beverage. He perceived a strong odor of alcoholic beverage coming from about her person, and from talking to her he "was sure she was under the influence." Even making allowances for the fact that she had just been involved in an accident and was somewhat shaken up, "it was pretty obvious that she had been . . . drinking." That, in combination with her running him off the road and fleeing his pursuit, indicated to him that

---

[1] Harding was acquitted of DUI by being in actual physical control of a vehicle within three hours of having an alcohol concentration of 0.10 grams or more, OCGA § 40-6-391 (a) (5).

she was under the influence of alcohol and not, in his opinion, a safe driver. The State Patrol officer who interviewed Harding at the hospital also testified that he smelled the strong odor of alcoholic beverage about her person.

Driving under the influence of alcohol may be shown by circumstantial evidence, including the manner of driving when there is evidence that the defendant has been drinking. *Duggan v. State*, 225 Ga. App. 291, 293-294 (1) (483 SE2d 373) (1997). In this case, Harding was driving erratically, ran a deputy's car off the road, fled when pursued, and wrecked her car. Both the deputy and the state trooper testified to the strong odor of alcoholic beverage on Harding's person. The deputy also testified that, based on his experience and his observations of Harding's unusual behavior and demeanor, as well as the strong odor of alcohol he noticed after the wreck, Harding was under the influence of alcohol and was not a safe driver. "A police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether appellant was under the influence to the extent it made him less safe to drive." (Citations and punctuation omitted.) *Tanner v. State*, 225 Ga. App. 702 (484 SE2d 766) (1997).

This constituted evidence of impaired driving ability caused by alcohol, and it was within the province of the jury to determine the credibility of the witnesses and the evidence they offered. The evidence was sufficient to enable a rational trier of fact to find Harding guilty of DUI under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 6, 2000.

*Hugh D. Ridgway III*, for appellant.
*Donald W. Huskins, Solicitor*, for appellee.