539 S.E.2d 899 (2000)
246 Ga. App. 204
In the Interest of N.A., a child.
No. A00A1974.
Court of Appeals of Georgia.
October 2, 2000.
*900 Jimmy D. Plunkett, for appellant.
Dennis C. Sanders, District Attorney, for appellee.
BARNES, Judge.
The juvenile court found that N.A. committed the offense of fornication and therefore was delinquent. N.A. appeals, contending that the juvenile court erred in denying her motion to dismiss because a child who is 12 years old cannot consent to and therefore commit the crime of fornication. N.A. further contends that the court erred in allowing N.A.'s statement to be entered into evidence. We affirm.
1. N.A.'s argument that she cannot be found delinquent for committing fornication is based on her attempt to link two areas of law that cannot be properly joined, specifically, the voluntary element of fornication[1] and our law that consent by a victim under a certain age is no defense to statutory rape. However, consent being no defense to statutory rape has no impact on whether a juvenile commits a delinquent act under the separate fornication statute by voluntarily having sex when unmarried. See K.M.S. v. State, 129 Ga.App. 683, 684, 200 S.E.2d 916 (1973). In K.M.S., the Court of Appeals affirmed an adjudication of delinquency based on the underlying crime of murder, notwithstanding the fact that the juvenile was 12 years old and now-OCGA § 16-3-1 provided that a person could not be guilty of a crime unless he was 13. The trial court did not err in denying N.A.'s motion to dismiss.
N.A.'s argument is also based on a misunderstanding of a juvenile adjudication. The juvenile court did not find that N.A. committed and was guilty of the crime of fornication, but that she committed the delinquent act of fornication. In re W.S.S., 266 Ga. 685, 470 S.E.2d 429 (1996). Moreover, this argument misapprehends the purpose of juvenile proceedings.
An order of disposition or other adjudication in a proceeding under the juvenile code is not a conviction of a crime. The juvenile code is concerned with the care, guidance, and well-being of children. Juveniles are declared delinquent because they need treatment and rehabilitation.
(Citation and punctuation omitted.) In the Interest of M.B., 217 Ga.App. 660, 661, 458 S.E.2d 864 (1995). Thus, one under the age of 13 years "is not prosecuted as a criminal, but is dealt with as the law provides for juveniles who violate the law." K.M.S. v. State, supra, 129 Ga.App. at 684, 200 S.E.2d 916. In this case, the juvenile court has determined that twelve-year-old N.A., who the evidence showed had sexual intercourse with at least two different older teenage boys, was delinquent and therefore in need of treatment and rehabilitation. We conclude that the juvenile court did not err in so finding.
2. N.A. argues on appeal that the fornication statute violates her constitutional right to privacy. She relies on the Supreme Court of Georgia's ruling in Powell v. State, 270 Ga. 327, 510 S.E.2d 18 (1998), in which the court found Georgia's sodomy law unconstitutional "insofar as it criminalizes the performance of private, unforced, non-commercial acts of sexual intimacy between persons legally able to consent." Id. at 336, 510 S.E.2d 18. However, this constitutional argument was not made to the juvenile court, and it cannot be considered for the first time on appeal. Ogletree v. State, 211 Ga.App. 845, 846-847(1), 440 S.E.2d 732 (1994).
3. Finally, N.A. argues that the trial court erred in admitting her statement into evidence because neither she nor her father understood that she could be charged with delinquency as a result. Therefore, N.A. argues, she did not knowingly and intelligently waive her right to remain silent. The *901 trial court determined that N.A. made her statement voluntarily, and we must uphold that finding unless it is clearly erroneous. Marshall v. State, 248 Ga. 227, 231(3), 282 S.E.2d 301 (1981).
In considering whether a juvenile knowingly and intelligently waived her constitutional right to remain silent, we consider the following nine factors: (1) her age; (2) her education; (3) her knowledge of the substance of the charge and her right to consult with a lawyer and remain silent; (4) whether she was held incommunicado or allowed to consult with relatives, friends, or an attorney; (5) whether she was questioned before or after formal charges were filed; (6) interrogation methods; (7) interrogation length; (8) whether she previously refused to give statements; and (9) whether she repudiated the statement later. Riley v. State, 237 Ga. 124, 128, 226 S.E.2d 922 (1976).
A special agent with the Georgia Bureau of Investigation testified that N.A.'s father and stepmother were present when he first began interviewing N.A. He advised her that he initially came to question her and her parents about whether N.A. was pregnant, but learned that she was not. He then told her he needed to continue the investigation to discover who her sexual partners might have been, and "that if the allegations could be proved true that all the parties in the investigation would be appropriately charged." He advised N.A. and her father of their Miranda rights, including N.A.'s right to have her parents with her during questioning, their right to remain silent or stop answering questions, their right to a lawyer, and that anything they said could be used against them in court. The agent determined that N.A. was 12 years old, in school, and could read and write. The interview lasted about two hours; after the first fifteen or twenty minutes, N.A. asked that her parents leave the room for the remainder of the interview, which they did voluntarily. N.A. never retracted or repudiated the resulting statement, was not threatened, and was promised no benefit in return. During the interview, the juvenile was free to visit her parents or go to the restroom if she wished. After the oral interview, they took a break, and then the agent wrote out the statement at N.A.'s request.
The trial court heard testimony from the GBI agent and from N.A.'s father, determined that the statement was voluntary, and admitted it into evidence.
"The question of whether a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous." (Citation and punctuation omitted.) Reynolds v. State, 217 Ga.App. 570, 572-573(5), 458 S.E.2d 855 (1995). N.A.'s main objection is that she did not understand when she made the statement that she could be charged herself. However, the GBI agent told her and her father before she made the statement that anything she said could be held against her in court. Reviewing the totality of the circumstances surrounding N.A.'s statement, we conclude that the trial court's finding that it was voluntary was not clearly erroneous.
Judgment affirmed.
BLACKBURN, P.J., and ELDRIDGE, J., concur.
NOTES
[1] OCGA § 16-6-18 provides that "[a]n unmarried person commits the offense of fornication when he voluntarily has sexual intercourse with another person."