A04A0081. SLACK v. THE STATE.
(593 SE2d 664)

ELDRIDGE, Judge.
A Whitfield County jury found Melissa Rae Slack guilty of child molestation, which charge arose when Slack had sexual intercourse with a 14-year-old boy. She appeals, challenging the sufficiency of the evidence against her; the denial of her motion for new trial; the trial court's evidentiary rulings relating to the admission of certain testimony; and the trial court's refusal to instruct the jury on contributing to the delinquency of a minor as a lesser included offense of child molestation. Upon review, we find the enumerated errors to be meritless and affirm Slack's conviction.

1. Slack first challenges the sufficiency of the evidence against her; she claims that, because the victim willingly engaged in sexual intercourse with her, the evidence was insufficient to show that the

act was "immoral" or "indecent," as required by the child molestation statute, OCGA § 16-6-4 (a). We do not agree.

Our child molestation statute prohibits any "immoral or indecent" act done to or in the presence of a minor with the intent to "arouse or satisfy the sexual desires of either the child or the person."[1] This crime is a joint operation of act and intent[2] and furthers "[t]he State's interest in safeguarding the physical and psychological well-being of a minor."[3] Thus, the focus is on the adult's action toward the child in relation to the adult's motive for that action — not on the actions and motivations of the child, who does not have the capacity to consent to a sexual act.[4] Consequently, consent is not a defense to child molestation.[5] And whether a particular act is "immoral or indecent" is a jury question that may be determined in conjunction with the intent that drives the act.[6]

In the case before us, the 14-year-old victim testified that he had sexual intercourse with Slack. "The testimony of a single witness is generally sufficient to establish a fact."[7] Whether such act was "immoral or indecent" so as to constitute child molestation was a jury question decided adversely to Slack by the return of a guilty verdict. Upon appellate review, we find the evidence sufficient for a rational trier of fact to have found Slack guilty as charged beyond a reasonable doubt.[8]

2. We find no error in the trial court's denial of Slack's motion for new trial premised upon "newly discovered evidence," i.e., testimony from two witnesses that the victim told them he had lied at trial. This evidence would operate solely to impeach the victim, who testified at the motion hearing that he had told the truth at trial. Accordingly, the two witnesses' testimony would not be a proper basis for the grant of an extraordinary motion for new trial, since "a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness."[9]

3. We likewise find no error in the trial court's refusal to permit evidence that the victim consented to the act of sexual intercourse

---

[1] OCGA § 16-6-4 (a).

[2] OCGA § 16-2-1.

[3] (Citation and punctuation omitted.) *Odett v. State*, 273 Ga. 353, 355 (2) (541 SE2d 29) (2001).

[4] *Brown v. State*, 268 Ga. 154 (486 SE2d 178) (1997).

[5] *Heidler v. State*, 273 Ga. 54, 62 (12) (537 SE2d 44) (2000).

[6] *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724) (1982); *Cornelius v. State*, 213 Ga. App. 766, 768 (1) (445 SE2d 800) (1994); *Davidson v. State*, 183 Ga. App. 557, 558 (3) (359 SE2d 372) (1987).

[7] OCGA § 24-4-8.

[8] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[9] (Citations and punctuation omitted.) *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980); accord *Sanders v. State*, 242 Ga. App. 743, 744 (2) (531 SE2d 170) (2000).

with Slack and that he later "bragged" about it to others. Evidence as to a child/victim's nonchastity is generally inadmissible.[10] "Nor may evidence be admitted to discredit the victim by showing [his] preoccupation with sex."[11] While Slack contends that the disputed evidence was relevant to show that the act of sexual intercourse "was not immoral or indecent to the child," the child's view of the sexual act is irrelevant.

> Immoral or indecent acts constituting child molestation refer to acts generally viewed as morally indelicate or improper or offensive and acts which offend against the *public's* sense of propriety.[12]

Consequently, society as reflected in the jury's verdict determines whether the indicted sexual act is "immoral or indecent," the view of the child — or the defendant — notwithstanding.

4. Slack next claims error in the admission of the victim's testimony that Slack told him she was a "stripper." However, no objection was raised at trial to this evidence. "Objections not raised at trial cannot be raised for the first time on appeal."[13]

5. Finally, Slack assigns error to the trial court's refusal to charge the jury on the offense of contributing to the delinquency of a minor as a lesser included offense of child molestation. We find no error.

Contributing to the delinquency of a minor is not included in the offense of child molestation as a matter of law or fact since the two offenses share no essential elements and are directed to different acts.[14] Consequently, proof of one offense would not serve to prevent conviction on the other.[15] While Slack may or may not be correct that the evidence in this case could have supported an additional charge of contributing to the delinquency of a minor,[16] "[o]ne can not be tried

---

[10] *Pollard v. State*, 260 Ga. App. 540 (1) (580 SE2d 337) (2003).

[11] (Citation and punctuation omitted.) *Jennette v. State*, 197 Ga. App. 580, 581 (2) (398 SE2d 734) (1990).

[12] (Citation and punctuation omitted; emphasis supplied.) *Wormley v. State*, 255 Ga. App. 347, 348-349 (565 SE2d 530) (2002).

[13] (Punctuation and footnote omitted.) *In the Interest of K. D. J.*, 246 Ga. App. 500, 501 (1) (540 SE2d 682) (2000).

[14] Compare OCGA § 16-12-1 (b) (1) wherein a defendant could be punished for knowingly aiding in a *minor's commission* of "fornication," *In the Interest of N. A.*, 246 Ga. App. 204 (1) (539 SE2d 899) (2000) (voluntary commission of "fornication," OCGA § 16-6-18, is a proper basis for delinquency ruling), and OCGA § 16-6-4 (a) wherein a defendant may be punished for the *defendant's commission* of a sexual act upon a minor with the requisite intent to satisfy sexual desire.

[15] OCGA § 16-1-6.

[16] See *In the Interest of N. A.*, supra at 204.

and convicted of an offense different from that for which he is prosecuted or called upon to answer."[17] In that regard,

> [w]e acknowledge that one crime may be changed into another by adding or subtracting elements which distinguish them. However, where the defendant is charged with a narrowly drawn indictment with a specific crime[,] it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, unindicted, separate offense. Criminal indictments are not deemed amendable to conform to the evidence. In the case sub judice, [Slack] was indicted for [child molestation in that she had sexual intercourse with a minor with the intent to satisfy her sexual desires]. Under this narrowly drawn indictment, even if the facts had supported an additional offense of [contributing to the delinquency of a minor because Slack knowingly enticed the minor to have sexual intercourse], the trial court did not have the power to interpret the evidence so as to support a jury charge on a separate, unindicted, alternative offense.[18]

Accordingly, there was no error in refusing to charge the jury on the separate offense of contributing to the delinquency of a minor.
*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JANUARY 5, 2004 —
RECONSIDERATION DENIED JANUARY 27, 2004.

*Avrett, Ponder & Withrock, William B. Barnwell*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.

---

[17] (Citation and punctuation omitted.) *State v. Tweedell*, 209 Ga. App. 13, 14 (432 SE2d 619) (1993).
[18] (Citations, punctuation and emphasis omitted.) *Carroll v. State*, 224 Ga. App. 543, 549-550 (3) (481 SE2d 562) (1997).